UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FASTCASE, INC. <br><br> Plaintiff, <br><br> v. <br><br> ALEXI TECHNOLOGIES INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Case No. 25-4159 (RJL) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**
December __18th__, 2025 [Dkt. #14]

This matter comes before the Court on defendant's Motion for a Temporary Restraining Order and Preliminary Injunction [Dkt. #14]. For the reasons set forth below, I will **DENY** the motion for a temporary restraining order.

A temporary restraining order ("TRO") is "an extraordinary remedy" that can only be awarded upon a "clear showing" that the movant is entitled to relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO, the plaintiff must show "(1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the TRO were not granted, (3) that the TRO would not substantially injure other interested parties, and (4) that the public interest would be furthered by the TRO." *Am. Foreign Serv. Ass'n v. Trump*, 766 F. Supp. 3d 25, 28 (D.D.C. 2025) (cleaned up).

As for irreparable harm, Alexi must show that it is likely to suffer harm that is "certain and great" and "actual and not theoretical." *Wis. Gas. Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1984). When the claimed injury is primarily economic, the movant typically

1

must show that the loss cannot be calculated or threatens its very ability to stay in business. *WhaleCo Inc. v. Shein Tech. LLC*, 2025 WL 445187, at *8 (D.D.C. Feb. 9, 2025). Alexi fails to meet this high bar.

Alexi's claimed harm is primarily economic. Alexi says it will suffer irreparable harm without access to Fastcase's updated data because it will lose revenue and customers and will sustain reputational damage that will hurt its competitive position. But after hearing argument and upon a careful review of the entire record, the Court finds that Alexi's harm is too speculative and is not sufficiently corroborated to merit emergency relief at this time. *Jones v. District of Columbia*, 177 F. Supp. 3d 542, 547 (D.D.C. 2016).

Because Alexi has not made a sufficient showing of irreparable harm, I may deny "the motion for injunctive relief without considering the other factors." *Fisheries Survival Fund v. Jewell*, 236 F. Supp. 3d 332, 336 (D.D.C. 2017). Accordingly, it is hereby

**ORDERED** that Alexi's Motion for a Temporary Restraining Order and Preliminary Injunction [Dkt. #14] is **DENIED** in part (insofar as it seeks a temporary restraining order) and **DEFERRED** in part (insofar as it seeks a preliminary injunction);

It is **FURTHER ORDERED** that the parties will file a joint status report proposing next steps by 5:00PM on Monday, December 22, 2025. The status report should clarify whether Alexi will continue to seek a preliminary injunction, and if so, should propose a briefing schedule for the preliminary injunction stage of the case.

**SO ORDERED.**

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge