IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FASTCASE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.<br><br>Defendant. | C.A. No. 1:25-cv-04159<br><br>**ALEXI TECHNOLOGIES INC.'S PROPOSED SCHEDULE FOR PHASED & EXPEDITED DISCOVERY** |
| ALEXI TECHNOLOGIES INC.<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>FASTCASE, INC., VLEX, LLC, & THEMIS SOLUTIONS INC.,<br><br>Counterclaim Defendants. | |

Defendant/Counter Plaintiff Alexi Technologies Inc. ("Alexi") submits this proposal for phased and expedited discovery to resolve the claims between Plaintiff/Counterclaim Defendant Fastcase Inc. ("Fastcase"), Counterclaim Defendants vLex, LLC ("vLex"), and Themis Solutions Inc. ("Clio") (collectively, "Counterclaim Defendants") relating to the Data Licensing Agreement ("Agreement") between Alexi and Fastcase.

1. **Scope of Expedited Discovery.**

    a. Fastcase proposes that discovery conducted pursuant to this expedited schedule and discovery plan (the "Expedited Discovery Phase") shall be limited to matters set forth in this Paragraph 1 and Paragraph 4.

-2-

b.  For Fastcase's Complaint, Dkt. 1, Party discovery will relate to liability on Fastcase's breach of contract claim (Count One).

c.  For Alexi's Counterclaims and Answer, Dkt. 48, Party discovery will relate to liability on Alexi's breach of contract claim (Count One), claim for breach of the covenant of good faith and fair dealing (Count Two), and Alexi's tortious interference claim against vLex and Clio (Count Five).

d.  Expedited discovery by the Parties will not include questions of damages; Alexi's antitrust (Count Three) and remaining tortious interference with existing and prospective business relations claims (Count Four and Six), or Fastcase's trademark (Count Two) and trade secret claims (Counts Three and Four).

2. **Party Written and Document Discovery.**

   a. **Requests for Production.**

      i.  Each Party shall be limited to fifteen (15) requests for production.

      ii. The Parties shall serve requests for the production of documents no later than February 25, 2026.

      iii. Objections and responses to the requests shall be served in accordance with the Federal Rules of Civil Procedure, and in any event no later than March 4, 2026.

      iv. Each Party shall be limited to eight (8) document custodians with respect to custodial productions.

      v.  Each Party's document production shall be completed on or before March 11, 2026.

   b. **Interrogatories.**

      i.  Each party may serve no more than five (5) interrogatories.

-3-

    ii. Interrogatories shall be limited to matters relevant to the contract claims identified in the Parties' Joint Motion to Expedite Contract Claim Discovery.

    iii. The Parties shall serve interrogatories on or before March 24, 2026.

    iv. Responses and objections to the interrogatories shall be served within thirty (30) days of service.

3. **Party Depositions.**

    a. Each Party shall take up to six (6) depositions, including up to one (1) Rule 30(b)(6) deposition and any Rule 45 third-party depositions.

    b. The Parties agree that each deposition shall be limited to five (5) hours on the record for the noticing party, with additional time allotted for redirect or recross examinations.

    c. All depositions shall be completed by May 15, 2026.

4. **Third-Party Subpoenas.**

    a. Each party shall serve up to two (2) Rule 45 third-party subpoenas no later than April 2, 2026. Third-party subpoenas shall not be limited and may encompass any issue relevant to any claim in the case.

    b. Each Party's counsel will endeavor to ensure compliance by the respective Party's former employees with any document or deposition subpoenas that each Party may serve, including regarding timely production of requested documents and scheduling of depositions in accordance with the schedule provided herein.

    c. Each Party's counsel will endeavor to accept service of any document or deposition subpoenas that the opposing Party may issue. To the extent that a Party's counsel is unable to accept service on behalf of a third party, counsel will notify the opposing Party's counsel of this issue by no later than March 25, 2026.

    d.   Responses and objections to the subpoenas shall be served within fourteen (14) days of service, according to the Federal Rules of Civil Procedure.

5. **<u>Expert Witnesses.</u>**

    a. The Parties agree that no expert discovery or expert testimony shall be permitted in connection with this Order during the Expedited Discovery Phase.

6. **<u>Briefing on Anticipated Motions for Summary Judgment.</u>**

    a. The Parties shall submit cross motions for partial summary judgment and memoranda on any or all of the claims subject to this Expedited Discovery Phase as set forth in Paragraph 1. Unless otherwise specified, memoranda will be submitted according to U.S. District Court for the District of Columbia Local Civil Rule 7.

        i. Initial motions and memoranda shall be served no later than May 25, 2026.

        ii. Memoranda in opposition shall be served no later than June 15, 2026.

7. **<u>Hearing on the Motions for Summary Judgment.</u>**

    a. A hearing on the Parties' cross motions for partial summary judgment shall be set for three (3) weeks after the memoranda in opposition are submitted, July 6, 2026 or as the Court directs.

    b. The Parties shall submit a plan for hearing procedures, evidence, and argument on or before June 22, 2026, or as the Court directs.

8. **<u>Expedited Discovery Dispute Procedures.</u>**

    a. The Parties shall meet and confer promptly and in good faith to resolve any disputes arising under this plan.

    b. If a dispute cannot be resolved, the Parties shall submit a joint letter, double spaced an in 12-point Times New Roman font, not to exceed ten (10) pages (five (5) pages per

side) outlining the dispute and each Party's position and request a prompt conference with the Court.

9. **Limitations on Terms of Joint Plan.**

    a. The terms of this expedited schedule and discovery plan are limited to the adjudication of the liability issues for the claims outlined in Paragraph 1, as further set out in the Alexi's Motion for Expedited and Phased Discovery.

    b. The terms of this expedited schedule and discovery plan shall not prejudice any other aspects of this lawsuit or either Party's ability to seek and obtain discovery on any issue following the Expedited Discovery Phase. The Parties each reserve all rights.

10. **Protective Order & Confidentiality**

    a. The Parties shall submit a proposed protective order and order regarding the production of electronically stored information for Court approval on or before February 19, 2026.

11. **Filing and Service.**

    a. All documents filed through the Court's CM/ECF system are deemed served electronically as provided by the Federal Rules of Civil Procedure and the Court's Local Rules.

    b. All filings and other materials to be served on the other Party shall be sent by email to the list of recipients agreed upon by the Parties.

    c. If a filing or other material is too voluminous to be sent via email as an attachment, it may be sent via email including a secure FTP download link.

12. **Court Filings.** Unless stated otherwise with respect to a specific term in this expedited schedule and discovery plan, or as ordered by the Court, all filings with the Court made in connection with this Order shall be made in accordance with the Court's CM/ECF Rules.

13. **Modification of Plan.**

    a.  Each Party reserves the right to seek modifications for good cause shown and consistent with the Federal Rules of Civil Procedure and the Court's Local Rules.

Dated: January 29, 2026　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Joshua Hafenbrack (DC Bar No. 1017128)
　　　　　　　　　　　　　　　　　　　　　　　　Benjamin L. Rudofsky (DC Bar No. 1029844)
　　　　　　　　　　　　　　　　　　　　　　　　Allie A. Dodd (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　　　Melissa A. Iannuzzi (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　　　**WINSTON & STRAWN LLP**
　　　　　　　　　　　　　　　　　　　　　　　　1901 l Street NW
　　　　　　　　　　　　　　　　　　　　　　　　Washington D.C. 20036
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 282-5000
　　　　　　　　　　　　　　　　　　　　　　　　jhafenbrack@winston.com
　　　　　　　　　　　　　　　　　　　　　　　　brudofsky@winston.com
　　　　　　　　　　　　　　　　　　　　　　　　adodd@winston.com
　　　　　　　　　　　　　　　　　　　　　　　　miannuzzi@winston.com

　　　　　　　　　　　　　　　　　　　　　　　　Johanna Rae Hudgens (*Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　　　**WINSTON & STRAWN LLP**
　　　　　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10166-4193
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 294-6734
　　　　　　　　　　　　　　　　　　　　　　　　jhudgens@winston.com
　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant/Counterclaim Plaintiff Alexi Technologies Inc.*