**THA UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXI TECHNOLOGIES INC., <br><br> Defendant. <br><br><br> ALEXI TECHNOLOGIES INC. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> FASTCASE, INC., VLEX, LLC, & THEMIS SOLUTIONS INC., <br><br> Counterclaim Defendants. | C.A. No. 1:25-CV-04159-RJL |

**STIPULATED PROTECTIVE ORDER**

Under Fed. R. Civ. P. 26(c), the court finds, to expedite the exchange of documents and discovery material and to preserve the confidentiality of information, good cause exists for entry of this Stipulated Protective Order ("SPO") governing the confidentiality of information in the above-captioned case. The SPO applies to all designated information, documents, and other materials produced in this matter consistent with the disclosure or discovery duties created by the Federal Rules of Civil Procedure and the Local Rules of Practice. The SPO applies to parties and nonparties from whom discovery may be sought, when the information needs protection.

**(A)   DEFINITION AND DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY**

1

Designation of information under this SPO must be made by marking or labeling the information, documents, or other materials CONFIDENTIAL or ATTORNEYS' EYES ONLY, in a manner that will not interfere with its legibility.

(1)  CONFIDENTIAL. A person or entity who produces information, documents, or other materials may designate them as CONFIDENTIAL when they in good faith believe the information, documents, or materials contains trade secrets or nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information, including confidential health information under the Health Insurance Portability and Accountability Act of 1996 and its enabling regulations.

(2)  ATTORNEYS' EYES ONLY. A person or entity who produces information, documents, or other materials may designate them as ATTORNEYS' EYES ONLY when they in good faith believe the information, documents, or other materials contain:

   (a)  sensitive technical information including current research and development, manufacturing information, and patent prosecution information;

   (b)  sensitive business information including highly sensitive financial or marketing information and the identity of suppliers, distributors, and customers (potential and actual);

   (c)  competitive technical information including technical analyses or comparisons of competitor's products;

   (d)  competitive business information including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning; or

  (e) any other CONFIDENTIAL information the producing party reasonably and in good faith believes would likely cause harm if disclosed to anyone other than those listed in section (B)(1)(b)-(h).

(3) A person or entity may designate deposition testimony or deposition exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY when the deposition is taken by requesting the court reporter so designate in the transcript or within 30 days of receipt of the deposition transcript by the party making the designation.

(4) A nonparty producing information (including testimony), documents, or other materials, or as required by a subpoena, may designate the information (including testimony), documents, or other materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

**(B) DISCLOSURE AND USE OF INFORMATION, DOCUMENTS, OR OTHER MATERIALS DESIGNATED AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY**

(1) CONFIDENTIAL. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other materials designated as CONFIDENTIAL by any other party or nonparty under this SPO, except that disclosures may be made to the following:

  (a) in-house counsel for a party, who are acting in a legal capacity and are actively engaged in this matter, and non-lawyer members of their legal teams;

  (b) court personnel;

  (c) court-appointed special masters;[1]

  (d) court reporters, recorders, and videographers engaged for depositions;

---

[1] A court-appointed special master who is currently serving as a magistrate judge qualifies as court personnel under section (B)(1)(b).

3

(e) court-appointed or jointly-selected mediator or arbitrator;

(f) technical advisor, including an outside expert, consultant, or investigator, who is not a party to the action, not presently employed by the receiving party or a company affiliated through common ownership, but has been retained to provide technical or other expert services (e.g., expert testimony or assist in litigation or trial preparation), but no disclosure shall be made until a signed Acknowledgment and Agreement to be Bound (Attachment A) has been provided to the receiving party;

(g) deposition and trial witnesses in connection with their testimony in the lawsuit, only to the extent they are a custodian or named on the document as a sender or recipient, unless the deposition witness has been designated to provide corporate testimony under Federal Rule of Civil Procedure 30(b)(6) on a topic encompassed by the document;

(h) independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(i) the insurer of a party to the litigation and their employees to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes;

(j) a party's representatives, officers, and employees as necessary to assist counsel with this litigation; and

  (k) if those listed in sections B(1)(a)-(j) engage their partners, associates, employees, staff, or personnel to render reasonably necessary professional services, then these individuals must advised of and subject to the provisions of this SPO and must hold the information, documents, or other materials in confidence.

 (2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties may permit the disclosure of any information, documents, or other materials designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this SPO to those identified in section (B)(1)(b)-(h).

 (3) Information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this SPO must not be used for any purpose whatsoever other than preparing for and conducting the litigation in which the information, documents, or other materials were disclosed (including appeals). The parties must not disclose information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this SPO prohibits a receiving party that is a government agency from following its routine uses and sharing the information, documents, or other materials with other government agencies or self-regulatory organizations as allowed by law.

**(C) INADVERTENT FAILURE TO DESIGNATE AND INADVERTENT DISCLOSURE**

 (1) <u>Inadvertent Failure to Designate</u>. If a party inadvertently discloses information, documents, or other materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other materials do not lose their protected status by production. The producing party must take all steps reasonably

required to assure its continued confidentiality, including: (a) providing written notice to the receiving party within 10 days of the discovery of the inadvertent production; (b) identifying the information, document, or other materials in question; and (c) simultaneously providing appropriately designated substitute copies. After receiving notice and the production of substitute copies, the receiving party must destroy or return undesignated information, documents, or other materials.

(2) <u>Inadvertent Disclosure of Information Covered by Attorney-Client Privilege or Work Product Protection in Information, Documents, or Other Materials Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY</u>. Whether inadvertent or otherwise, the disclosure of any information, documents, or other materials that are subject to an objection based on attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its attorney-client privilege or work-product protection and will not estop that party or the privilege holder from designating the information or documents as attorney-client privileged or subject to work-product protection at a later date. This SPO shall be interpreted to provide the maximum protection allowed under Fed. R. Evid. 502(d).

If a person or entity inadvertently discloses information, documents, or other materials that it believes is subject to a claim of attorney-client privilege or work-product protection, the producing party may give prompt written notice to the receiving party that the information, documents, or other materials is subject to a claim of attorney-client privilege or work-product protection and may request that it be returned to the producing party. Upon notice, regardless of whether the receiving party agrees with the claim of privilege or work-product protection, the receiving party must: (a) return the information at issue; (b) not use or disclose the materials until

the matter is resolved; and (c) take reasonable steps to retrieve the information if the receiving party further disclosed it.

If the receiving party disputes that the information at issue is subject to attorney-client privilege or work-product protection, the receiving party or entity must make reasonable efforts to resolve the dispute without court assistance consistent with Fed. R. Civ. P. 37(a)(1). If the dispute cannot be resolved, the receiving party may move the court, under seal, within 45 days of the prompt written communication sent to the opposing party. The motion must follow the requirements of LCvR 7. The producing party must preserve the information at issue until the claim is resolved.

**(D)   MAINTENANCE OF DESIGNATION**

(1)   Except as provided in section (B), counsel for the parties must keep all information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are received under this SPO secure within their exclusive possession and must place the information, documents, or other materials in a secure area.

(2)   All documents, including attorney notes, abstracts, and copies, that contain another's CONFIDENTIAL or ATTORNEYS' EYES ONLY information must be handled as if they were so designated.

(3)   If any discovery responses, deposition transcripts, memoranda, or any other papers filed with the court include CONFIDENTIAL or ATTORNEYS' EYES ONLY information, they must be so designated and filed consistent with LCvR 5.1(h).

(4)   If a filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a nonparty, the party making the filing must provide prompt written notice of the filing to the nonparty.

(5)     If information, documents, or other materials are reviewed by a receiving party before production, any knowledge learned during the review will be treated by the receiving party as ATTORNEYS' EYES ONLY until the information has been produced, at which time any affixed designation controls. Absent the express permission of the producing party, or as otherwise permitted by an order or rule of the court, no photograph or any other means of duplication, including electronic means, is permitted before the information is produced with the appropriate designation. Any such duplicate will be treated by the receiving party as having the same designation as the original. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and designated.

(6)     If a question is asked at a deposition and a party claims the answer requires the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the following must occur:

- (a) every person present must be advised of the SPO by the party asserting confidentiality;
- (b) all persons who are not allowed to receive the information under this SPO, other than the witness, must leave the deposition while the information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is disclosed; and
- (c) the witness must answer the question completely.

(7)     If a receiving party is served a subpoena or court order, issued in a separate action, that seeks CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials, the receiving party must give prompt written notice to counsel for the producing party to allow a meaningful opportunity to challenge the subpoena or court order before the

deadline to comply. No compulsory disclosure to nonparties of CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials under this SPO is deemed a waiver of any claim of confidentiality, except when there is a judicial determination finding otherwise.

**(E)     CHALLENGES TO A DESIGNATION**

(1)     A party may challenge the producing party's designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY at any time.

(2)     To challenge the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:

  (a)     a prompt written communication sent to the producing party identifying the information, documents, or other materials at issue and specifying why they believe the designation is improper; and

  (b)     a request that the producing party meet and confer, including suggested dates and times.

(3)     If the parties are unable to resolve the dispute after engaging in reasonable efforts, the receiving party may file a motion. The motion must include a certification that states:

  (a)     the parties made reasonable efforts to reach agreement on the disputed matters;

  (b)     the date, time, and method of the reasonable efforts; and

  (c)     the names of all participating parties or attorneys.

(4) The producing party bears the burden of proving that the designation is proper. The producing party's failure to engage in reasonable efforts to resolve the dispute or respond to an appropriately filed motion may result in the designation as requested by the receiving party.

**(F)   CONCLUSION OF LITIGATION**

At the conclusion of the litigation, a party may request that all information, documents, or other materials that were not filed with the court and not received into evidence and were designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this SPO, but must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law.

Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the court, subject to all other restrictions of this SPO.

The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party must notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the court.

**(G)   CONTINUING JURISDICTION OF COURT TO ENFORCE THE SPO**

After the termination of this action, the court will continue to have jurisdiction to enforce this SPO.

*[Remainder of Page Left Intentionally Blank]*

<600>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FASTCASE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.,<br><br>    Defendant | C.A. No. 1:25-CV-04159-RJL |
| ALEXI TECHNOLOGIES INC.<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>FASTCASE, INC., VLEX, LLC, & THEMIS SOLUTIONS INC.,<br><br>    Counterclaim Defendants. | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare and state that:

(1)    I have read the Court's Protective Order that has been entered in the case captioned *Fastcase, Inc. v. Alexi Technologies Inc.*, Case No. 1:25-cv-04159-RJL pending in the United States District Court for the District of Columbia.

(2)    I understand the provisions of the Protective Order and agree to comply with and to be bound by its provisions. I also acknowledge that violation of the Protective Order may result in penalties for contempt of court. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          Signature _____

**APPROVED AND AGREED TO:**

/s/ Paul N. Harold
Paul N. Harold (D.C. Bar No. 1032578)
1700 K. Street NW, Fifth Floor
Washington, DC 20006-3814
Telephone: (202) 973-8800
PHarold@wsgr.com

Jess M. Krannich (*pro hac vice*)
Paul J. Sampson (D.C. Bar No. 1010457)
Rebecca J. Nelson (*pro hac vice*)
Andrew P. Follett (*pro hac vice*)
Isabella Ang (*pro hac vice*)
95 S State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510
JKrannich@wsgr.com
PSampson@wsgr.com
RNelson@wsgr.com
AFollett@wsgr.com
IAng@wsgr.com

*Counsel for Plaintiff/Counterclaim-Defendant Fastcase, Inc. and Counterclaim Defendants vLex, LLC and Themis Solutions Inc.*

/s/ Joshua Hafenbrack
Joshua Hafenbrack (D.C. Bar No. 1017128)
Benjamin Rudofsky (DC Bar. No. 1029844)
Allie Dodd (*pro hac vice*)
Melissa Iannuzzi (*pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5017
jhafenbrack@winston.com
brudofsky@winston.com
miannuzzi@winston.com
adodd@winston.com

Johanna Rae Hudgens (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
jhudgens@winston.com

*Counsel for Defendant/Counterclaim-Plaintiff Alexi Technologies Inc.*

**SO ORDERED.**

Dated: 2/25/26

_____
HON. RICHARD J. LEON, U.S. DISTRICT JUDGE