**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FASTCASE, INC.<br><br>        Plaintiff,<br><br>        v.<br><br>ALEXI TECHNOLOGIES INC.<br><br>        Defendant.<br><br>ALEXI TECHNOLOGIES INC.<br><br>        Counter-Plaintiff,<br><br>        v.<br><br>FASTCASE, INC., VLEX, LLC and THEMIS SOLUTIONS INC.<br><br>        Counter-Defendants. | C.A. No. 1:25-CV-04159-RJL<br><br>Hon. Richard J. Leon |

**COUNTER-DEFENDANTS' PARTIAL ANSWER TO
ALEXI'S REVISED AMENDED COUNTERCLAIMS**

-i-

Plaintiff/Counter-Defendant Fastcase, Inc. and Counter-Claim Defendants vLex, LLC and Themis Solutions Inc. (collectively, "Fastcase") by and through undersigned counsel, submit this Partial Answer to the Counterclaims of Alexi Technologies Inc. ("Alexi"). All responses are based on information presently known to Fastcase. Fastcase reserves the right to amend or supplement its responses as appropriate.[1] Except as expressly admitted, Fastcase denies each and every allegation of the Counterclaims, including any allegation not specifically addressed herein and any inference that may be drawn from such allegation.

## **INTRODUCTION[2]**

1. Fastcase admits that Clio announced its acquisition of vLex/Fastcase. Fastcase denies the remaining allegations in this Paragraph.

2. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

3. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

4. Fastcase admits that Westlaw (owned by Thomson Reuters), LexisNexis, and Fastcase/vLex (now owned by Clio) maintain comprehensive primary-law databases. Fastcase

---

[1] Fastcase files this Partial Answer solely in response to Count I (Breach of Contract) of Alexi's Counterclaims. Concurrently herewith, Fastcase is filing a Partial Motion to Dismiss Counts II through V of the Counterclaims. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to Counts II through VI is stayed pending resolution of that motion. Accordingly, this Answer is limited to Count I and should not be construed as responding to, or waiving any defenses with respect to, Counts II through V.

[2] For convenience only, Fastcase uses the same headings and paragraph numbering employed in Alexi's Counterclaims. Fastcase's use of, or reference to, such headings or numbering should not be construed as an admission regarding the accuracy, characterization, or substance of those headings or any allegations contained within the referenced paragraphs.

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

5.     Fastcase admits that it provides access to the case law through subscriptions and data licensing agreements and that, under certain circumstances, Fastcase enables public links to its cases.  Fastcase further admits that the parties executed a Data License Agreement (the "Agreement") on December 6, 2021.  The Agreement speaks for itself and is the best evidence of its terms.  Fastcase further admits that this Paragraph purports to quote statements attributed to Fastcase Founder and CEO Ed Walters, and the referenced statements speak for themselves. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

6.     Fastcase admits that this Paragraph references portions of the Agreement.  The Agreement speaks for itself and is the best evidence of its terms.  Fastcase denies the remaining allegations in this Paragraph.

7.     Fastcase admits that this Paragraph references portions of the Agreement.  The Agreement speaks for itself and is the best evidence of its terms.  Fastcase denies the remaining allegations in this Paragraph.

8.     Fastcase admits that Alexi's CEO, Mark Doble, was included on vLex's "Fastcase 50" list in 2023.  To the extent this Paragraph references or quotes materials relating to that recognition, those materials speak for themselves.  Fastcase denies the remaining allegations in this Paragraph.

9.     Fastcase admits that Clio announced its acquisition of vLex/Fastcase on June 30, 2025, and that the transaction closed in November 2025.  Fastcase further admits that this

Paragraph references public statements regarding the acquisition, which speak for themselves. Fastcase denies the remaining allegations in this Paragraph.

10.     Fastcase admits that it corresponded with Alexi in October 2025 regarding a potential amendment to Section 12.3 of the Agreement.  Fastcase denies the remaining allegations in this Paragraph.

11.     Fastcase admits that it notified Alexi that Alexi had breached the Agreement, provided notice of termination, and filed this action.  Fastcase denies the remaining allegations in this Paragraph.

12.     Fastcase denies the allegations in this Paragraph.

13.     Fastcase admits that this Paragraph purports to quote statements attributed to Mr. Newton, and the referenced statements speak for themselves. Fastcase further admits that this Paragraph references quoted material.  That material speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those materials, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

14.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

15.     Fastcase admits that this Paragraph purports to quote statements from an unnamed "executive," and the referenced statements speak for themselves. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

16.     Fastcase denies the allegations in this Paragraph.

17.     Fastcase denies the allegations in this Paragraph.

## PARTIES

18.      Fastcase admits that Alexi is alleged to be an Ontario corporation with a principal place of business in Toronto, Ontario, Canada.  Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

19.      Fastcase admits the allegations in this Paragraph.

20.      Fastcase admits the allegations in this Paragraph.

21.      Fastcase admits the allegations in this Paragraph.

22.      Fastcase admits the allegations in this Paragraph.

23.      Fastcase admits that vLex and Fastcase merged in 2023 and offered products under the vLex name globally and under the Fastcase name in the United States.  Fastcase denies the remaining allegations in this Paragraph.

## JURISDICTION & VENUE

24.      The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

25.      The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

26.      The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

27.     Fastcase admits that it is headquartered in the District of Columbia and that it brought this lawsuit.  The remaining allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

28.     Fastcase admits that vLex merged with Fastcase in 2023.  The remaining allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

29.     Fastcase admits that Clio acquired vLex/Fastcase in November 2025.  The remaining allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

30.     Fastcase admits that it is headquartered in the District of Columbia, that Fastcase and vLex merged in 2023, and that Clio acquired vLex/Fastcase in November 2025.  The remaining allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

31.     The allegations in this Paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

**FACTUAL ALLEGATIONS**

**I.      Alexi's AI-Powered Innovation in the Legal Field**

32.     Fastcase admits that attorneys use legal research databases.  Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

33.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

34.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

35.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

36.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

37.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

38.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

39.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

40.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

41.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

## II.     Alexi's Expansion of AI Capabilities and Agreement with Fastcase

### A.     The need for comprehensive U.S. caselaw and Fastcase's critical input

42.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

43.    Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

44.    Fastcase admits that Westlaw, LexisNexis, and Fastcase/vLex maintain primary-law databases.  Fastcase denies the remaining allegations in this Paragraph.

45.    Fastcase admits that this Paragraph references a public statement and purports to quote a statement attributed to Mr. Walters, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

46.    Fastcase admits that Fastcase and Casemaker merged in January 2021 and that Casemaker offered federal and state primary case law.  Fastcase further admits that this Paragraph references a public statement.  That statement speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph differ from that statement, Fastcase denies those allegations.

47.    Fastcase admits that it maintains a large database of legal materials.  Fastcase further admits that this Paragraph references quoted material.  That material speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph differ from that quoted material, Fastcase denies those allegations.

48.    Fastcase admits that it has made public statements regarding its mission and has offered features relating to access to legal materials.  To the extent this Paragraph references public materials regarding Fastcase's mission or product features, those materials speak for themselves and are the best evidence of their contents.  Fastcase lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

49.     Fastcase admits that this Paragraph references public statements. Those statements speak for themselves and are the best evidence of their contents. To the extent the allegations in this Paragraph differ from those statements, Fastcase denies those allegations.

50.     Fastcase admits that it has made public statements regarding its mission and that it has entered into licensing agreements relating to its database. To the extent this Paragraph references public materials regarding Fastcase's mission or data licensing agreements, those materials speak for themselves and are the best evidence of their contents. Fastcase denies the remaining allegations in this Paragraph.

### B.     Alexi's Agreement with Fastcase

51.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

52.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

53.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

54.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

55.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

56.     Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

### III.    The 2021 Data License Agreement

57.    Fastcase admits that Mr. Doble and Fastcase corresponded by email in October 2021. Fastcase further admits that this Paragraph contains quoted material from the parties' correspondence. That correspondence speaks for itself and is the best evidence of its contents. Fastcase denies the remaining allegations in this Paragraph.

58.    Fastcase admits that the parties entered into the Agreement. The Agreement speaks for itself and is the best evidence of its terms. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

59.    Fastcase admits that the parties entered into the Agreement on December 6, 2021. Fastcase further admits that Joe Patz Vineyard was Fastcase's Vice President of Alliance and Business Development at the time and that Mr. Patz Vineyard corresponded with Alexi by email regarding the parties' relationship and the Agreement. Fastcase further admits that this Paragraph references or purports to quote from Mr. Patz Vineyard's correspondence. That correspondence speaks for itself and is the best evidence of its contents. Fastcase denies the remaining allegations in this Paragraph.

60.    Fastcase admits that Alexi received caselaw data from Fastcase pursuant to the Agreement. Fastcase further admits that this Paragraph quotes from the Agreement. The Agreement speaks for itself and is the best evidence of its terms. To the extent the allegations in this Paragraph differ from the terms of the Agreement, Fastcase denies those allegations.

61.    Fastcase admits that Alexi's engineers do not receive Fastcase's headnotes or annotations. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

62. Fastcase denies the allegations in this Paragraph.

63. Fastcase admits that the Agreement restricts Alexi's use of Fastcase data to "internal research purposes." The Agreement speaks for itself and is the best evidence of its terms. Fastcase denies the remaining allegations in this Paragraph, including any allegation that Alexi has complied with the Agreement.

64. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

65. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them. Fastcase further denies that Alexi's use of Fastcase data has remained unchanged since December 2021.

66. Fastcase denies the allegations in this Paragraph.

67. Fastcase admits that this Paragraph quotes from the Agreement. The Agreement speaks for itself and is the best evidence of its terms. To the extent this Paragraph purports to characterize the Agreement or differs from its terms, Fastcase denies those allegations.

68. Fastcase denies the allegations in this Paragraph.

69. Fastcase admits that this Paragraph quotes from the Agreement. The Agreement speaks for itself and is the best evidence of its terms. To the extent this Paragraph purports to characterize the Agreement or differs from its terms, Fastcase denies those allegations.

70. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

71. Fastcase admits that judicial opinions are in the public domain. Fastcase denies the remaining allegations in this Paragraph.

72. Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore denies them.

73. Fastcase denies the allegations in this Paragraph.

### IV.    Alexi's Continued Business Relationships With Fastcase

#### A.    Fastcase's knowledge of Alexi's use of caselaw data

74. Fastcase admits that it provided Alexi with daily caselaw updates during the term of the Agreement. Fastcase denies the remaining allegations in this Paragraph.

75. Fastcase admits it did not notify Alexi of a breach of the Agreement prior to 2025. Fastcase further states that it did not do so because it was not aware of Alexi's breach until that time. Fastcase denies the remaining allegations in this Paragraph.

76. Fastcase denies the allegations in this Paragraph.

77. Fastcase admits that this Paragraph purports to quote statements attributed to Mr. Errick, and the referenced statements speak for themselves and are the best evidence of their contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

78. Fastcase admits that, in September 2022, Fastcase and Alexi discussed a potential expanded business relationship. Fastcase further admits that it executed a non-disclosure agreement, and that Alexi provided Fastcase with access to a data room. Fastcase further admits that this Paragraph references or purports to quote correspondence between the parties regarding that potential relationship. That correspondence speaks for itself and is the best evidence of its contents. Fastcase denies the remaining allegations in this Paragraph.

79.     Fastcase admits that Mr. Patz Vineyard corresponded with Mr. Doble in January 2023.  Fastcase further admits that this Paragraph references or purports to quote correspondence between the Mr. Patz Vineyard and Mr. Doble.  That correspondence speaks for itself and is the best evidence of its contents.  Fastcase denies the remaining allegations in this Paragraph.

80.     Fastcase admits that this Paragraph purports to quote statements attributed to Mr. Errick and Mr. Patz Vineyard, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

### B.     Fastcase and vLex Merger

81.     Fastcase admits that it announced its merger with vLex in April 2023.  Fastcase further admits that this Paragraph references or quotes a public statement.  That statement speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph differ from that statement, Fastcase denies those allegations.

82.     Fastcase admits the allegations in this Paragraph.

83.     Fastcase admits that vLex and Fastcase entered into an agreement to license Fastcase's U.S. caselaw data, the contents of which speak for itself and is the best evidence related thereto. To the extent the allegations in the Paragraph differ the parties' license agreement, Fastcase denies those allegations.  Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

84.     Fastcase admits that, following the Fastcase–vLex merger, the combined entity was called vLex Group.  Fastcase further admits that this Paragraph references or quotes a public

statement.  That statement speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph differ from that statement, Fastcase denies those allegations.

85.     Fastcase admits that, in May 2023, Mr. Doble emailed vLex's CEO, Lluis Faus. Fastcase further admits that this Paragraph references or purports to quote Mr. Doble's email correspondence.  That correspondence speaks for itself and is the best evidence of its contents. Fastcase denies the remaining allegations in this Paragraph.

86.     Fastcase admits that, in 2023, Mr. Patz Vineyard corresponded with Alexi regarding a potential expanded business relationship. Fastcase denies the remaining allegations in this Paragraph.

87.     Fastcase admits that Tom Atkinson was vLex's Head of Business for North America.  Fastcase further admits that this Paragraph references or purports to quote Mr. Atkinson's email correspondence with Mr. Doble.  That correspondence speaks for itself and is the best evidence of its contents.  Fastcase denies the remaining allegations in this Paragraph.

88.     Fastcase admits that this Paragraph purports to quote statements attributed to Mr. Atkinson and Joe Patz Vineyard, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

89.     Fastcase admits that a senior vLex executive signed up for a trial subscription of Alexi in 2023 and requested a legal memorandum from Alexi's platform. Fastcase admits that this Paragraph purports to quote statements attributed to various individuals, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph

misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

90.    Fastcase admits that Mr. Doble was included as a vLex "Fastcase 50 Honoree" in 2023.  Fastcase further admits that this Paragraph references or quotes public materials.  Those materials speak for themselves and are the best evidence of their contents.  To the extent the allegations in this Paragraph differ from those materials, Fastcase denies those allegations.

91.    Fastcase admits that, in October 2023, vLex launched Vincent AI, a legal research assistant that provides AI-generated memos and caselaw analysis that uses Fastcase data.  Fastcase denies the remaining allegations in this Paragraph.

92.    Fastcase admits that, in November 2023, vLex entered into a licensing agreement with C.S. Disco. Fastcase further admits that this Paragraph references or quotes public materials regarding that agreement. Those materials speak for themselves and are the best evidence of their contents. To the extent the allegations in this Paragraph differ from those materials, Fastcase denies those allegations.

93.    Fastcase admits that this Paragraph purports to quote various statements, and the referenced statements speak for themselves and are the best evidence of their contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

94.    Fastcase denies the allegations in this Paragraph.

## V.    Clio's Acquisition of vLex/Fastcase and an About-Face on its Contract

### A.    Clio's prior knowledge of Alexi's business model

95.    Fastcase admits the allegations in this Paragraph.

96.    Fastcase denies the allegations in this Paragraph.

97.     Fastcase admits that this Paragraph references or purports to quote email correspondence between Mr. Doble and Clio from May 2021.  That correspondence speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph differ from that correspondence, Fastcase denies those allegations.  Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies them.

### B.     Clio Acquires vLex/Fastcase

98.     Fastcase admits that Clio has expanded its AI capabilities relating to legal analysis and document creation in recent years.  Fastcase denies the remaining allegations in this Paragraph.

99.     Fastcase admits that, in September 2021, Clio acquired a legal technology service known as Lawyaw, which created a tool that automated the creation of legal documents.  Fastcase further admits that, in February 2024, Lawyaw was rebranded as Clio Draft.  Fastcase denies the remaining allegations in this Paragraph.

100.     Fastcase admits that it announced its $1 billion acquisition of vLex/Fastcase on June 30, 2025.  Fastcase further admits that this Paragraph references or quotes public materials regarding that announcement.  Those materials speak for themselves and are the best evidence of their contents.  To the extent the allegations in this Paragraph differ from those materials, Fastcase denies those allegations.  Fastcase further denies the remaining allegations in this Paragraph.

101.     Fastcase admits that Clio's CEO stated in email correspondence that Section 12.3 of the Agreement "came up in diligence."  Fastcase further admits that this Paragraph references or purports to quote that correspondence.  That correspondence speaks for itself and is the best evidence of its contents.  To the extent the allegations in this Paragraph differ from those materials,

Fastcase denies those allegations. Fastcase further denies the remaining allegations in this Paragraph.

102. Fastcase admits that this Paragraph purports to quote statements from Mr. Faus and Mr. McCallion, and the referenced statements speak for themselves and are the best evidence of their contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

103. Fastcase admits that, on June 30, 2025, Mr. Walters emailed Mr. Doble regarding the Clio acquisition announcement. Fastcase further admits that this Paragraph references or purports to quote email correspondence. That correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph differ from those materials, Fastcase denies those allegations. Fastcase further denies the remaining allegations in this Paragraph.

104. Fastcase admits that this Paragraph purports to quote statements from Mr. Newton and Mr. Gurion, and the referenced statements speak for themselves and are the best evidence of their contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

105. Fastcase admits that this Paragraph purports to quote statements from Mr. Newton and Mr. Gurion, and the referenced statements speak for themselves and are the best evidence of their contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

106. Fastcase admits that, on October 20, 2025, Mr. Walters and Mr. Doble spoke by telephone regarding the backfile purchase option provision in the Agreement. Fastcase denies the remaining allegations in this Paragraph.

107. Fastcase admits that this Paragraph references or purports to quote email correspondence. That correspondence speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph differ from those materials, Fastcase denies those allegations. Fastcase denies the remaining allegations in this Paragraph.

108. Fastcase admits that this Paragraph purports to quote statements from Mr. Gurion and Mr. Newton, and the referenced statements speak for themselves and are the best evidence of their contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

**C.     Clio manufactures sham litigation while breaching the Agreement**

109. Fastcase denies the allegations in this Paragraph.

110. Fastcase admits that, on October 27, 2025, vLex's CEO sent Alexi a notice of breach of the Agreement regarding Alexi's use of Fastcase data. Fastcase denies the remaining allegations in this Paragraph.

111. Fastcase denies the allegations contained in this Paragraph.

112. Fastcase admits that the notice-of-breach letter refers to Alexi's AI algorithms. Fastcase further admits that this Paragraph references or purports to quote from the notice-of-breach letter. That letter speaks for itself and is the best evidence of its contents. Fastcase denies the remaining allegations in this Paragraph.

113. Fastcase admits that, on November 26, 2025, it terminated the Agreement for breach and filed this lawsuit against Alexi. Fastcase denies the remaining allegations in this Paragraph.

114. The first sentence of this Paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Fastcase denies those allegations. Fastcase denies the remaining allegations in this Paragraph.

115. Fastcase admits that this Paragraph purports to quote statements attributed to Clio's Corporate Development Manager and Clio's VP for Corporate Development, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with those statements, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

116. Fastcase admits that it alleges in its Complaint that Alexi violated the Agreement. To the extent this Paragraph references Fastcase's Complaint, that document speaks for itself and is the best evidence of its contents. Fastcase denies the remaining allegations in this Paragraph.

117. Fastcase denies the allegations in this Paragraph.

118. Fastcase admits that this Paragraph references the Agreement. The Agreement speaks for itself and is the best evidence of its terms. To the extent the allegations in this Paragraph differ from the terms of the Agreement, Fastcase denies those allegations. Fastcase denies the remaining allegations in this Paragraph.

119. Fastcase admits that this Paragraph references the Agreement. The Agreement speaks for itself and is the best evidence of its terms. To the extent the allegations in this Paragraph differ from the terms of the Agreement, Fastcase denies those allegations. Fastcase further admits

that this Paragraph references public materials.  Those materials speak for themselves and are the best evidence of their contents.  Fastcase denies the remaining allegations in this Paragraph.

120.    Fastcase admits that this Paragraph purports to quote a statement attributed to Joe Patz Vineyard, and the referenced statement speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with that statement, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

121.    Fastcase admits that this Paragraph references the Agreement.  The Agreement speaks for itself and is the best evidence of its terms.  To the extent the allegations in this Paragraph differ from the terms of the Agreement, Fastcase denies those allegations.  Fastcase denies the remaining allegations in this Paragraph.

122.    Fastcase admits that this Paragraph purports to quote a statement attributed to Joe Patz Vineyard, and the referenced statement speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with that statement, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

123.    Fastcase admits that Fastcase offers a legal research platform that allows users to search and review primary legal materials.  Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Alexi's platform and therefore denies those allegations.  Fastcase denies the remaining allegations in this Paragraph.

124.    Fastcase admits that this Paragraph references the Agreement.  The Agreement speaks for itself and is the best evidence of its terms.  To the extent the allegations in this Paragraph

differ from the terms of the Agreement, Fastcase denies those allegations. Fastcase denies the remaining allegations in this Paragraph.

125.    Fastcase lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Alexi's memorandum services and therefore denies those allegations. Fastcase admits that this Paragraph purports to reference a statement attributed to Mr. Chesterman, and the referenced statement speaks for itself and is the best evidence of its contents. To the extent the allegations in this Paragraph misquote, mischaracterize, or are inconsistent with that statement, Fastcase denies them. Fastcase denies the remaining allegations in this Paragraph.

126.    Fastcase denies the allegations in this Paragraph.

127.    Fastcase denies the allegations in this Paragraph.

128.    Fastcase admits that it enables public links to its cases under certain circumstances. Fastcase denies the remaining allegations in this Paragraph.

129.    Fastcase admits that correspondence was sent to Alexi in December 2025 regarding payment under the Agreement. Fastcase denies the remaining allegations in this Paragraph.

130.    Fastcase admits that this Paragraph references the Agreement. The Agreement speaks for itself and is the best evidence of its terms. To the extent the allegations in this Paragraph differ from the terms of the Agreement, Fastcase denies those allegations. Fastcase denies the remaining allegations in this Paragraph.

131.    Fastcase admits that it ceased providing Alexi with daily U.S. caselaw data updates on or about December 3, 2025. Fastcase further admits that this Paragraph references the Agreement. The Agreement speaks for itself and is the best evidence of its terms. To the extent the allegations in this Paragraph differ from the terms of the Agreement, Fastcase denies those allegations. Fastcase denies the remaining allegations in this Paragraph.

**D.      Clio Has Tortiously Interfered with Alexi's Business**

132.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

133.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

134.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

135.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

136.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of

Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

137.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

138.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

139.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

140.    This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

141.     This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

142.     This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

143.     This Paragraph relates to Counts IV through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to those counts is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

**VI.     Clio's Acquisition of vLex/Fastcase Substantially Lessened Competition**

144.     This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

A.      **Market Definition**

145.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

i.      **The Programmatically Licensable Comprehensive Legal Database Market**

146.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

147.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

148.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

149.     This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

150.     This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

151.     This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

152.     This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

153.     This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of

that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

154.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

155.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

156.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

157.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

158. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

159. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

160. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

161. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

162. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of

that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

163.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

164.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

165.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

166.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

### ii. The AI Legal-Analysis Services Market

167. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

168. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

169. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

170. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

171. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil

Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

172. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

173. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

174. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

175. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

176.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

177.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

178.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

179.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

180.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of

that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

181.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

182.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

### B.        Relevant Geographic Market

183.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

184.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

185.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

### C.    Ability and Incentive to Foreclose

186.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

187.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

188.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

189.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil

Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

190. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

191. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

192. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

193. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

194.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

195.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

196.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

## VII.    Defendants' Conduct Causes Continuing Harm to Alexi and to Competition

197.    Fastcase denies the allegations in this Paragraph.

198.    This Paragraph relates to Counts II through V of the Counterclaims, which are the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

199.     This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

200.     This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

<u>**CAUSES OF ACTION**</u>

<u>**FIRST CAUSE OF ACTION**</u>
**(Breach of Contract)**
*Against Counterclaim Defendant Fastcase*

202.     Fastcase incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

203.     Fastcase admits the allegations in this Paragraph.

204.     Fastcase denies the allegations in this Paragraph.

205.     Fastcase denies the allegations in this Paragraph.

206.     Fastcase denies the allegations in this Paragraph.

207.     Fastcase denies the allegations in this Paragraph.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)
#### *Against Counterclaim Defendant Fastcase*

208.    Fastcase incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

209.    This Paragraph relates to Count II of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

210.    This Paragraph relates to Count II of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

211.    This Paragraph relates to Count II of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

212.    This Paragraph relates to Count II of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of

that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

213.    This Paragraph relates to Count II of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

214.    This Paragraph relates to Count II of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

**THIRD CAUSE OF ACTION**
**(Clayton Act, Section 7, 15 U.S.C. § 18)**
*Against Counterclaim Defendant Fastcase, vLex, and Clio*

215.    Fastcase incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

216.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

217.    This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil

Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

218. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

219. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

220. This Paragraph relates to Count III of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

## FOURTH CAUSE OF ACTION
### (Tortious Interference with Current Business Relations)
*Against Counterclaim Defendants vLex, and Clio*

221. Fastcase incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

222. This Paragraph relates to Count IV of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil

Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

223.    This Paragraph relates to Count IV of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

224.    This Paragraph relates to Count IV of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

225.    This Paragraph relates to Count IV of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion.  To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

## FIFTH CAUSE OF ACTION
### (Tortious Interference with Prospective Business Relations)
*Against Counterclaim Defendant Fastcase, vLex, and Clio*

226.    Fastcase incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

227.    This Paragraph relates to Count V of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss.  Pursuant to Federal Rule of Civil

Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

228. This Paragraph relates to Count V of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

229. This Paragraph relates to Count V of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

230. This Paragraph relates to Count V of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

231. This Paragraph relates to Count V of the Counterclaims, which is the subject of Fastcase's concurrently filed Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Fastcase's obligation to respond to that count is stayed pending resolution of that motion. To the extent a response is deemed required, Fastcase denies the allegations in this Paragraph.

## PRAYER FOR RELIEF

Fastcase denies that Alexi is entitled to any relief, damages, or judgment on its Counterclaims and denies that Fastcase is liable to Alexi in any amount.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing denials and without admitting any allegations not expressly admitted, Fastcase asserts the following affirmative defenses.  Fastcase does not assume the burden of proof as to any defense that would otherwise rest with Alexi.

Fastcase presently lacks knowledge or information sufficient to determine whether additional affirmative defenses may be available.  Fastcase therefore reserves the right to assert additional defenses or to amend, supplement, or modify these defenses as discovery proceeds.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Counterclaims, and each purported cause of action therein, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Equitable Estoppel)

Alexi's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

Alexi's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
(Excuse)

Alexi's claims are barred, in whole or in part, because any obligations of Fastcase were excused by the acts or omissions of Alexi.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Alexi's claims are barred, in whole or in part, by Alexi's failure to mitigate its alleged damages and failure to act in good faith and in a commercially reasonable manner.

### SIXTH AFFIRMATIVE DEFENSE
(Prior Breach)

Alexi's claims are barred, in whole or in part, because Alexi materially breached the Agreement, thereby excusing any further performance by Fastcase.

### SEVENTH AFFIRMATIVE DEFENSE
(Attorneys' Fees)

To the extent permitted by applicable law and the Agreement, Fastcase is entitled to recover its reasonable attorneys' fees and costs incurred in defending against Alexi's Counterclaims.

### PRAYER FOR RELIEF

**WHEREFORE**, Fastcase respectfully requests that the Court:

a) Dismiss Alexi's Counterclaims, in whole or in part, with prejudice;

b) Enter judgment in favor of Fastcase on all Counterclaims;

c) Award Fastcase its reasonable attorneys' fees and costs, to the extent permitted by law; and

d) Grant such other and further relief as the Court deems just and proper.

DATED: April 27, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Paul J. Sampson*
Paul N. Harold (D.C. Bar No. 1032578)
Brendan J. Coffman (D.C. Bar 988370)
1700 K. Street NW, Fifth Floor
Washington, DC 20006-3814
Telephone: (202) 973-8800
PHarold@wsgr.com
BCoffman@wsgr.com

Jess M. Krannich (*pro hac vice*)
Paul J. Sampson (D.C. Bar No. 1010457)
Rebecca J. Nelson (*pro hac vice*)
Andrew P. Follett (*pro hac vice*)
Isabella Ang (*pro hac vice*)
95 S State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510
JKrannich@wsgr.com
PSampson@wsgr.com
RNelson@wsgr.com
AFollett@wsgr.com
IAng@wsgr.com

*Counsel for Plaintiff Fastcase Inc. and Counter-Defendants Fastcase Inc., vLex, LLC, and Themis Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, the foregoing was electronically filed through this

Court's CM/ECF system and additionally all counsel of records were served via electronic mail.


Respectfully submitted,

*/s/ Jess M. Johnsen*
Executive Assistant