# Exhibit 71

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.<br><br>Defendant. | C.A. No. 1:25-CV-04159-RJL<br><br>Hon. Richard J. Leon |
| ALEXI TECHNOLOGIES INC.<br><br>Counter-Plaintiff,<br><br>v.<br><br>FASTCASE, INC., VLEX, LLC and THEMIS SOLUTIONS INC.<br><br>Counter-Defendants. | |

**COUNTER-DEFENDANTS' FIRST AMENDED RESPONSES AND OBJECTIONS TO ALEXI'S FIRST SET OF INTERROGATORIES**

Pursuant to the Court's February 17, 2026 Minute Order and Federal Rule of Civil Procedure 26 and 33, Plaintiff Fastcase, Inc. and Counterclaim Defendants vLex, LLC and Themis Solutions Inc. (collectively, "Fastcase"), through its undersigned counsel, submits the following first amended responses and objections (the "Responses") to Defendant Alexi Technologies Inc.'s ("Alexi") March 31, 2026 First Set of Interrogatories to Fastcase (the "Interrogatories," and each an "Interrogatory"). Fastcase's amended responses are identified herein in ***bold and italics*** below.

## PRELIMINARY STATEMENT

Fastcase's investigation of the facts relating to this case is still ongoing. As such, Fastcase has not completed its investigation, has not completed fact discovery, and has not completed preparation for trial. Accordingly, all of the Responses contained herein are based upon the

information presently available, and specifically known, to Fastcase. It is anticipated that further discovery and further independent investigation will supply additional facts, which may clarify and add meaning to facts presently known, as well as establish new factual matters, all of which may lead to substantial additions to, changes in, and variations from the Responses set forth herein. The following Responses are given without prejudice to Fastcase's right to produce evidence or information of any subsequently discovered fact or facts that Fastcase may later discover or otherwise recall.

The Responses contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of Fastcase in relationship to further discovery, research, or analysis. Fastcase therefore reserves the right to alter, supplement, amend, or otherwise modify these Responses in any way and at any time in light of facts revealed through discovery, further investigation, or further legal analysis. Fastcase also reserves the right to amend or supplement these Responses with any information that has been inadvertently or unintentionally omitted and/or to introduce such information into evidence at the time of hearing or trial.

Fastcase makes these responses to the Interrogatories subject to, and without waiving in any way any objections as to competence, relevance, materiality, proportionality, and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the Interrogatories were asked of, or any statements contained were made by, a witness present and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Fastcase objects to the definition of "Document" to the extent it purports to impose obligations beyond those set forth in Federal Rules of Civil Procedure 26 and 34. Fastcase further objects on relevance and proportionality grounds, as the definition extends beyond the limited subject matter and time period applicable to this Expedited and Phased Contract Claim Discovery ("Expedited Discovery"), as set forth in the Schedule for Expedited and Phased Contract Claim Discovery. *See* ECF No. 55-1. For purposes of these Responses, "Documents" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a)(1)(A).

2. Fastcase objects to the definition of "Communication" to the extent it purports to impose obligations beyond those set forth in Federal Rules of Civil Procedure 26 and 34. Fastcase further objects on relevance and proportionality grounds, as the definition extends beyond the limited subject matter and time period applicable to this Expedited and Phased Contract Claim Discovery ("Expedited Discovery"), as set forth in the Schedule for Expedited and Phased Contract Claim Discovery. *See* ECF No. 55-1. For purposes of these Responses, "Documents" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a)(1)(A).

3. Fastcase objects to the definition of "Identify" as overly broad and unduly burdensome, including to the extent it purports to impose obligations beyond those applicable to this Expedited Discovery. This definition is disproportionate because it purports to require excessive detail, including full contact information, employment histories, and other expansive background information, regardless of relevance or burden, and exceeds the scope of the limitations set forth in the Schedule for Expedited and Phased Contract Claim Discovery. *See* ECF No. 55-1. Fastcase will interpret "Identify" in a reasonable and proportionate manner.

4. Fastcase objects to the definition of "Describe" as overly broad and unduly burdensome, including to the extent it purports to impose obligations beyond those applicable to this Expedited Discovery. This definition is disproportionate because it purports to require a "complete and detailed account" of all facts, circumstances, and background information, and thus seeks expansive narrative responses beyond what is necessary to respond to the Interrogatories and exceeds the scope of the limitations set forth in the Schedule for Expedited and Phased Contract Claim Discovery. *See* ECF No. 55-1. Fastcase will respond reasonably and proportionally.

5. Fastcase objects to the definition of "any" and "each" as overly broad and unduly burdensome, including to the extent it purports to impose obligations beyond those applicable to this Expedited Discovery. This definition is disproportionate because it purports to require responses encompassing all information without limitation, including information with only a minimal or tangential connection to the subject matter of the Interrogatories—contrary to the scope of the limitations set forth in the Schedule for Expedited and Phased Contract Claim Discovery. *See* ECF No. 55-1.

6. Fastcase objects to Instruction 3, to the extent it purports to require responses encompassing all information without limitation, including information with only a minimal or tangential connection to the subject matter of the Interrogatories. This Instruction is overly broad and unduly burdensome and is disproportionate to the needs of this Expedited Discovery because it seeks information beyond the issues and time period at issue in this action and exceeds the scope of the limitations set forth in the Schedule for Expedited and Phased Contract Claim Discovery. *See* ECF No. 55-1.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1**: Identify and Describe with particularity all features of Alexi's product offering(s) that Fastcase contends violate the Licensing Agreement, including any changes or evolution in Alexi's product functionality, at the time that Fastcase initiated this litigation.

**RESPONSE TO INTERROGATORY NO. 1**: Fastcase objects to Interrogatory No. 1 to the extent it seeks specific information concerning the "changes or evolution" of Alexi's product functionality, as such information concerns Alexi's own products and systems and is therefore within Alexi's possession, custody, and control. Fastcase further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Fastcase also objects to this Interrogatory on the basis that Fastcase has not completed discovery or taken depositions in this case, so its investigation in this case remains ongoing. Accordingly, Fastcase reserves the right to supplement or amend this response to the extent additional information responsive to Interrogatory No. 1 becomes available.

Subject to and without waiving these objections, Fastcase responds as follows:

Fastcase contends that the following Alexi product offerings or product functionalities violate the Licensing Agreement:

***1. Alexi's "Instant Memos" product feature or functionality;***

2. Alexi's "Arguments" product feature or functionality;

3. Alexi's "Chat" product feature or functionality;

4. Alexi's "ALR" legal assistant platform;

5. ***Any software created by Alexi using Fastcase Data that is exposed to end users***;

6. The inclusion of Fastcase hyperlinked case citations within Alexi's "Arguments" and "Chat" product feature or functionality and Alexi's ALR platform answers, including non-memo work product, such as briefs, motions, or client-facing work product; and

7. The hosting and display of Fastcase full case text on Alexi's platform, ***or on an Alexi-hosted website***, in any manner that enables direct user access without accessing or subscribing to the Fastcase platform.

**INTERROGATORY NO. 2**: With respect to each feature identified in response to Interrogatory No. 2, Identify and Describe: (1) the date when Fastcase became aware of the alleged breach; (2) when the alleged breach first began to Fastcase's knowledge; (3) how Fastcase became aware of the alleged breach; and (4) when Fastcase notified Alexi of the alleged breach.

**RESPONSE TO INTERROGATORY NO. 2**: Fastcase objects to Interrogatory No. 2 to the extent it seeks specific information concerning "when the alleged breach first began" as such information concerns Alexi's own products and systems and is therefore within Alexi's possession, custody, and control. Fastcase further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Fastcase also objects to this Interrogatory on the basis that Fastcase has not completed discovery or taken depositions in this case, so its investigation in this case remains ongoing. Accordingly, Fastcase reserves the right to supplement or amend this response to the extent additional information responsive to Interrogatory No. 2 becomes available.

Subject to and without waiving these objections, Fastcase responds with the following nonprivileged information:

Fastcase first became aware of Alexi's breach of the Licensing Agreement generally at some point during due diligence related to Themis Solutions, Inc.'s acquisition of vLex/Fastcase,

which occurred between May and June 2025 in consultation with outside counsel. *See* (FC-0000000291). Fastcase alleges the breach of the Licensing Agreement first began upon Alexi's development and launch for each product or feature identified in response to Interrogatory No. 2 above.

While certain individuals at vLex/Fastcase became aware of Alexi's Arguments and the ***reduced speed of production of Alexi's memoranda*** product feature generally in September 2023, *see* (Bates FC-0000027291), such individuals did not conduct sufficient investigation to realize such feature was a separate product offering or violation of the Agreement. Similarly, certain individuals at vLex/Fastcase became aware of Alexi's announcement of its ALR platform and some of its functionality generally in or around January 2025. (FC-0000027424)

Fastcase provided general notice of breach to Alexi on October 27, 2025, but did not have sufficient information regarding Alexi's product offerings to identify such offending products by name or functionality at such time.

**INTERROGATORY NO. 3**: Identify the products and/or features of products that Fastcase contends either were or became "competitive with Fastcase," as Fastcase alleges is contemplated in Licensing Agreement § 1.7, or were or became "commercial" as Fastcase contends is contemplated in Licensing Agreement § 1.7, and any Documents, by Bates number, that support those contentions.

**RESPONSE TO INTERROGATORY NO. 3**: Fastcase objects to Interrogatory No. 3 to the extent it calls for a legal conclusion as to the interpretation of the Licensing Agreement. Fastcase further objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Fastcase also objects to this Interrogatory on the basis that Fastcase has not completed discovery or taken

depositions in this case, so its investigation in this case remains ongoing. Accordingly, Fastcase reserves the right to supplement or amend this response to the extent additional information responsive to Interrogatory No. 3 becomes available.

Subject to and without waiving these objections, Fastcase responds as follows:

The products and/or features of products that Fastcase contends were or became "competitive with Fastcase," or were or became "commercial" as contemplated in Section 1.7 of the Data License Agreement are as follows:

1. The hosting and display of Fastcase case law, including full case text, on Alexi's platform, provided to Alexi users without the need to access or subscribe to the Fastcase platform;

2. The inclusion of hyperlinked Fastcase citations within Alexi's "Chat" product feature or functionality;

3. The inclusion of hyperlinked Fastcase citations within Alexi's "ALR" legal assistant platform;

4. The display of referenced cases considered or surfaced in connection with responses generated by Alexi's "Chat" product feature or functionality and by Alexi's "ALR" legal assistant platform, including through features such as activity logs or similar interfaces;

***5. Alexi's pivot to a consumer-facing, external legal research product offering directed by Alexi's customers, rather than by Alexi's internal research team; and***

6. Alexi's pivot to a direct-to-customer, self-serve legal research platform.

Fastcase contends that these features replicate or are a substitute for traditional legal research functionality and are commercial in nature for the same reasons.

**<u>INTERROGATORY NO. 4</u>**: For each feature of Alexi's product that Fastcase contends is "competitive with Fastcase," as described under Interrogatory No. 3, Identify and Describe the

competing feature or product that Fastcase offers or has offered and the date on which Fastcase first offered that feature or product to the public, including (1) any AI or GenAI features that Fastcase offers or has offered and the dates on which any such features became available to the public and (2) any Fastcase customers that You contend Fastcase has lost to Alexi or other damages incurred because of Alexi offering a product that is competitive with Fastcase.

**RESPONSE TO INTERROGATORY NO. 4**: Fastcase objects to Interrogatory No. 4 as overbroad, unduly burdensome, not proportional to the needs of the case, irrelevant, and beyond the scope of Expedited Discovery because it purports to encompass features or functionality for which Fastcase does not contend to be the basis of any competitive violations of the Licensing Agreement by Alexi and also purports to encompass AI features or functionality beyond that which is available by Fastcase, Inc. Fastcase further objects to this Interrogatory as beyond the scope of Expedited Discovery because it encompasses customers that Fastcase contends it lost to Alexi as a result of the competitive product or feature, which is a subject related to damages that is not at issue during Expedited Discovery. *See* ECF 55-1 at 2 ("Expedited discovery by the Parties will not include questions of damages . . . ."). Fastcase also objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

Fastcase further objects to this Interrogatory on the basis that Fastcase has not completed discovery or taken depositions in this case, so its investigation in this case remains ongoing. Accordingly, Fastcase reserves the right to supplement or amend this response to the extent additional information responsive to Interrogatory No. 4 becomes available.

Subject to and without waiving these objections, Fastcase responds as follows:

Fastcase contends that Alexi's product features are competitive with Fastcase because they replicate or substitute the traditional legal research functionality offered by incumbent platforms such as Fastcase, including through Alexi's development and launch of its ***"Instant Memos,"*** "Arguments," and "Chat" product offerings and Alexi's "ALR" legal assistant platform, and the hosting and displaying of Fastcase's full case texts through its Arguments, Chat, and ALR offerings. Fastcase further contends Alexi's product features are competitive with Fastcase because Alexi now provides a direct-to-customer, self-serve legal research platform.

Fastcase does not contend Alexi is competitive with any Fastcase AI features.

Fastcase will not provide any information related to its alleged damages at this time, as requested by Interrogatory No. 4 subpart (2).

**INTERROGATORY NO. 5**: From June 1, 2025, to the present, Identify all instances in which You discussed Alexi and/or the Licensing Agreement with any third party or third party representative that was a potential investor in or acquirer of Alexi, including identifying: (1) the individuals involved in those discussions; (2) the format in which those discussions occurred (in person, over text, over email, etc.); and (3) the date or dates on which those discussions occurred.

**RESPONSE TO INTERROGATORY NO. 5**: Fastcase objects to Interrogatory No. 5 as irrelevant and beyond the scope of Expedited Discovery because it purports to seek information related to Alexi's tortious interference with prospective relations counterclaim (Count V), which is not part of the current phase of discovery. *See* ECF No. 55-1 at 2; *see also* ECF No. 78, Rev. Am. Countercl. ¶¶ 226–31. Fastcase further objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case because it purports to require identification of "all instances" of discussions between anyone at Fastcase and any "third party or third party representative that was a potential investor in or acquirer of Alexi." Given the size and

scope of Fastcase, vLex, LLC, and Themis Solutions, Inc.'s organization and operations, this Interrogatory would require an unreasonable search to identify every such potential instance of communication across all personnel. Fastcase also objects to this Interrogatory on the basis that Fastcase does not know of every potential investor or acquirer of Alexi, which is information in Alexi's possession, custody, and control.

Fastcase further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Fastcase also objects to this Interrogatory on the basis that Fastcase has not completed discovery or taken depositions in this case, so its investigation in this case remains ongoing. Accordingly, Fastcase reserves the right to supplement or amend this response to the extent additional information responsive to Interrogatory No. 5 becomes available.

Subject to and without waiving these objections, Fastcase responds as follows:

Based upon a reasonable inquiry, Fastcase is aware of the following instances in which its personnel have discussed Alexi or the Licensing Agreement with any potential acquirers or investors of Alexi:

1. On December 8, 2025, Ed Walters had a telephone call with Max Junestrand, CEO of Legora, and discussed Alexi and the parties' Licensing Agreement. (FC-0000000381).

2. On December 9, 2025, Ed Walters spoke with Gabe Pereya, President and Co-Founder of Harvey, and discussed Alexi and the parties' Licensing Agreement at an industry event. (FC-0000000382).

3. On April 7, 2026, Jack Newton spoke to Richard Crum, CS Disco's Chief Product, Technology, and Strategy Officer, and discussed Alexi and the parties' Licensing Agreement.

DATED: June 1, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Paul J. Sampson*

Paul N. Harold (D.C. Bar No. 1032578)
Brendan J. Coffman (D.C. Bar No. 988370)
1700 K. Street NW, Fifth Floor
Washington, DC 20006-3814
Telephone: (202) 973-8800
PHarold@wsgr.com
BCoffman@wsgr.com

Jess M. Krannich (*pro hac vice*)
Paul J. Sampson (D.C. Bar No. 1010457)
Rebecca J. Nelson (*pro hac vice*)
Andrew P. Follett (*pro hac vice*)
Isabella Ang (*pro hac vice*)
95 S State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510
JKrannich@wsgr.com
PSampson@wsgr.com
RNelson@wsgr.com
AFollett@wsgr.com
IAng@wsgr.com

*Counsel for Plaintiff Fastcase, Inc. and Counter-Defendants Fastcase, Inc., vLex, LLC, and Themis Solutions Inc.*

Signed as to Answers:

*/s/ Edward Walters**
Edward Walters
**FASTCASE, INC.**
**THEMIS SOLUTIONS, INC.**

**Signed with permission*

**CERTIFICATE OF SERVICE**

I hereby certify that on this June 1, 2026, I caused a true and correct copy of the foregoing document to be emailed to the following counsel of record:

Joshua Hafenbrack
Melissa Iannuzzi
Benjamin L. Rudofsky
Allison Dodd
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
miannuzzi@winston.com
brudofsky@winston.com
adodd@winston.com

Johanna Rae Hudgens
WINSTON & STRAWN LLP
200 Park Ave.
New York City, NY 10166
jhudgens@winston.com

Joshua Hafenbrack
HAFENBRACK LAW
818 18th Street NW, Suite 810
Washington, DC 20006
jhafenbrack@hafenbracklaw.com

*/s/ Jessica Johnsen*
Executive Assistant