**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.<br><br>Defendant. | C.A. No. 1:25-CV-04159-RJL<br><br>Hon. Richard J. Leon |
| ALEXI TECHNOLOGIES INC.<br><br>Counter-Plaintiff,<br><br>v.<br><br>FASTCASE, INC., VLEX, LLC and THEMIS SOLUTIONS INC.<br><br>Counter-Defendants. | |

**DECLARATION OF ED WALTERS IN SUPPORT OF COUNTER-DEFENDANTS' OPPOSITION TO ALEXI TECHNOLOGIES INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON <u>CONTRACT-RELATED COUNTERCLAIMS</u>**

I, Ed Walters, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I submit this declaration in support of Counter–Defendants Fastcase, Inc., vLex, LLC ("vLex"), and Themis Solutions Inc.'s ("Clio") (collectively, "Fastcase") Opposition to Defendant and Counter–Plaintiff Alexi Technologies Inc.'s ("Alexi") Motion for Partial Summary Judgment. I am over 18 years of age. The facts stated herein are based on my personal knowledge, and I could and would competently testify to them if called as a witness.

***Background and Basis of Knowledge***

2. I co-founded Fastcase in 1999 and served as its Chief Executive Officer from 1999 until 2023. Following Fastcase's 2023 merger with vLex, I served as Chief Strategy Officer of vLex from April 2023 to November 2025, and I am currently Vice President of Legal Innovation

and Strategy at Clio. For more than a decade, I have also taught a course on artificial intelligence ("AI") and the law at Georgetown University Law Center. In these capacities, I have followed the development of AI in the legal industry closely, and I am familiar both with the state of that technology in 2021 and with the ways in which it has changed since.

***My Understanding of Alexi's Business Model at the Time of Contracting***

3. I was not involved in the day-to-day negotiation of the December 6, 2021 Data License Agreement (the "Agreement") between Fastcase and Alexi, which was primarily handled by other members of my team. However, based on my interactions with Alexi's co-founder and Chief Executive Officer, Mark Doble, beginning in 2019, I understood Alexi to operate a human-supported legal memorandum service. My understanding was that Alexi employed lawyers and researchers who used internal software tools to prepare written legal research memoranda that Alexi delivered to its customers, and that any AI Alexi used functioned as a tool to assist those individuals—not as software that Alexi's customers would operate themselves. This remained my understanding at the time the Agreement was executed, and throughout the majority of the parties' business relationship, until Fastcase discovered Alexi's breach of the Agreement last year.

4. Consistent with this understanding, when I reviewed, approved, and executed the Agreement in late 2021, I understood the contractual limitation restricting Alexi's use of the Fastcase Data to "internal research purposes" to require that all research conducted with the Fastcase data be done *within* Alexi—in other words by Alexi's lawyers and researchers—in the course of preparing those memoranda. Given the technology that existed at the time, I understood that the preparation of reliable legal research memoranda would, as a practical matter, necessarily involve Alexi's lawyers, even if some form of AI was being used to make that research process more efficient for Alexi's team.

***The State of AI Technology in 2021 and the Anachronism of Alexi's "AI Agent" Theory***

5. The artificial intelligence technology available in late 2021 was materially different from what exists today. Widely available generative AI systems built on large language models did not exist, including for commercial legal use, until after OpenAI publicly released ChatGPT in late November 2022, which then fundamentally changed the AI landscape. But before ChatGPT was released, the only AI tools being used in the legal industry were narrow, task-specific systems designed to assist human users with discrete functions, such as searching or classification, rather than to perform legal work autonomously.

6. Necessarily, the concepts that Alexi now invokes—including autonomous "AI agents" or "agentic AI" that independently conduct multi-step legal research and generate client-facing outputs without human involvement—were simply not part of the technological equation in 2021. In late 2021, the proposition that a software "agent" would conduct legal research without direction of a human would not have been a serious one. Capabilities of that kind only emerged in the industry in the years following ChatGPT's release, which triggered the subsequent development of the type of agentic AI systems Alexi now uses.

7. For these reasons, at the time the Agreement was executed, I did not understand—and no one could have understood—the licensed "internal research purposes" to encompass an autonomous AI system that would itself perform the research as the operative actor under the Agreement. The notion that a software "agent," rather than Alexi's lawyers and researchers, would be the contemplated entity conducting Alexi's "internal research" was not a concept that existed in any practical sense in late 2021 and was therefore not part of the parties' Agreement at the time I approved and executed the contract on Fastcase's behalf.

8. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on June 22, 2026 in Washington, D.C.

Signed by:

65BA0F12E1BC4BC...

Ed Walters