**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FASTCASE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEXI TECHNOLOGIES INC., <br><br> Defendant. | C.A. No. 1:25-CV-04159-RJL |
| ALEXI TECHNOLOGIES INC. <br><br> Counterclaim Plaintiff, <br> v. <br><br> FASTCASE, INC., VLEX, LLC, & THEMIS SOLUTIONS INC., <br><br> Counterclaim Defendants. | |

**ALEXI'S MOTION TO COMPEL COUNTERCLAIM DEFENDANTS TO PRODUCE
DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED**

Defendant/Counterclaim Plaintiff Alexi Technologies Inc. ("Alexi") respectfully moves the Court pursuant to Federal Rule of Civil Procedure 26(b)(5) to compel Plaintiff/Counterclaim-Defendant Fastcase Inc. ("Fastcase") and Counterclaim Defendants vLex, LLC ("vLex") and Themis Solutions Inc. (d/b/a Clio) (collectively, the "Counterclaim Defendants") to produce documents identified in the accompanying Memorandum of Points and Authorities for the reasons set forth therein.

Pursuant to Section E(3) of the Joint Stipulated Protective Order, Dkt. 70, Alexi certifies that it has made reasonable efforts to reach agreement on the disputed matters by sending written communications to counsel for Counterclaim Defendants on May 11 and May 13, 2026, regarding

1

other documents that Alexi reasonably believed were improperly withheld as privileged because they were exchanged between Clio and vLex while they were still separate entities. Fastcase provided a basis for withholding the documents as privileged. On May 31, 2026, after discovering ███████████████████████████████████████ and confirming these facts during Ed Walters's May 22 deposition, Johanna Rae Hudgens, counsel for Alexi, sent a letter to Paul Sampson, counsel for Counterclaim Defendants, challenging the designation of the documents identified in Alexi's Memorandum. Fastcase responded on June 12, 2026, and Alexi replied on July 7, 2026. The parties have been unable to come to a resolution.

Dated: July 7, 2026

By: /s/ *Johanna Rae Hudgens*
Johanna Rae Hudgens (*pro hac vice*)
WINSTON TAYLOR LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
jhudgens@winston.com

Benjamin L. Rudofsky (DC Bar No. 1029844)
Allie A. Dodd (*pro hac vice*)
Melissa A. Iannuzzi (*pro hac vice*)
WINSTON TAYLOR LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5017
Fax: (202) 282-5100
brudofsky@winston.com
adodd@winston.com
miannuzzi@winston.com

Joshua Hafenbrack (D.C. Bar No. 1017128)
HAFENBRACK LAW
818 18th St. NW
Suite 810
Washington, DC 20006
jhafenbrack@hafenbracklaw.com

*Counsel for Defendant Counterclaim-Plaintiff
Alexi Technologies Inc.*

2

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.,<br><br>    Defendant.<br><br>ALEXI TECHNOLOGIES INC.<br><br>    Counterclaim Plaintiff,<br>v.<br><br>FASTCASE, INC., VLEX, LLC, &<br>THEMIS SOLUTIONS INC.,<br><br>    Counterclaim Defendants. | C.A. No. 1:25-CV-04159-RJL |

**ALEXI TECHNOLOGIES INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO COMPEL COUNTERCLAIM DEFENDANTS TO PRODUCE**
**DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED**

On October 27, 2025, vLex (which included Fastcase as a wholly owned subsidiary) sent Alexi a breach letter claiming that Alexi had violated the Data License Agreement (or "Agreement") between Alexi and Fastcase. But before sending that breach letter, vLex repeatedly shared drafts and related strategy communications with Clio (Themis Solutions, Inc.), which was a separate company before Clio's acquisition of vLex closed on November 5, 2025. Counterclaim Defendants have withheld those documents under the common interest privilege, but that doctrine does not apply here: at the time vLex and Clio shared the breach letter drafts, they were adversarial parties that were each pursuing commercial rather than legal objectives.

3

Any privilege that may have existed with respect to those draft breach letters has thus been waived, and the Court should order Counterclaim Defendants to produce them.

On June 30, 2025, Clio and vLex entered into a Stock Purchase Agreement (or "SPA"),

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████ For its part,

Clio had no legal or litigation interest whatsoever in the Agreement between Fastcase and Alexi—Clio was not a party to that Agreement and had no rights or obligations under it. ████

█████████████████████████████████████████████

███████████████████████████████. Because the parties were in an adversarial relationship ██████████████████████████ ████████████████ and pursuing fundamentally commercial objectives ████████████ ████████████████ the common interest privilege does not apply and any privilege has been waived. Moreover, under well-established law, that waiver applies to all communications relating to the specific subject matter at issue—here, vLex's breach letter to Alexi—and so the Counterclaim Defendants should be ordered to produce *all* draft breach letters, not just those shared between vLex and Clio.

## BACKGROUND

On June 30, 2025, Clio entered into the SPA to acquire vLex and Fastcase for roughly $1 billion. As Alexi described in its summary judgment submissions (Dkts. 97, 103-2), during due diligence leading up to the SPA, Clio discovered that the "backfile" purchase option in the Alexi-Fastcase licensing agreement from December 2021 gave an acquirer of Alexi the option to

4

purchase the Fastcase caselaw backfile "without restrictions" for ▉▉▉▉▉ Alexi's Statement

of Undisputed Material Facts ("Alexi SUMF") ¶¶ 54, 147. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉



▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ In August 2025,

Clio's CEO, Jack Newton, told his COO and number 2 executive, Ronnie Gurrion, that ▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉ Mr. Gurrion immediately responded:

▉▉▉▉▉▉▉▉▉▉▉▉ and Mr. Newton confirmed, ▉▉▉▉▉▉▉

▉▉▉▉▉ Alexi SUMF ¶ 158. ▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 98-61 (FC-0000000278 at 280). ▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.*

▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉

▉▉▉▉▉▉▉ Depositions during expedited discovery revealed ▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉ Alexi's Response to Counterclaim

Defendants' Statement of Material Facts ("SUMF Response") ¶¶ 357–59; Alexi SUMF ¶¶ 178, 180; Dkt. 98-68 (breach letter). Clio ██████████████████████████████



██████ SUMF Response ¶ 360. ██████████████████████

████████████████████████████████████ SMUF Response ¶¶ 358–61.

The group that made the determination to send the breach notice included, ████████

█████████████████████████████████████████

█████████████████████████████████████████

██████████ SUMF Response ¶¶ 359–60. █████████████

█████████████████████████████████████████

██████████ SUMF Response ¶¶ 357, 361; Dkt. 98-68.[1]

Fastcase's privilege log contains multiple entries before November 5, 2025—the date on which the Clio acquisition closed—in which Clio and vLex exchanged drafts and related communications related to the Alexi breach notice. Those communications include:

- C2051288_SLACK00025271, "2025 Notice of Material Breach - Alexsei.pdf" (August 26, 2025): "Attachment sent [by vLex's Lluis Faus] to N. Pollak [Clio] and O.Radulescu [vLex] requesting legal advice re Alexsei material breach."

- C2051288_SLACK00025281 (October 21, 2025) "Slack thread conveying legal advice from O. Radulescu [vLex] re breach notice" to Jack Newton [Clio], with the following attachments:

  o C2051288_SLACK00025282, "IMG_5379.png": "Attachment sent to N. Pollak [Clio] and O. Radulescu [vLex] requesting legal advice re vLex backcase inquiry."

---

[1] ██████████████████████████████████████████████████ SUMF Response ¶ 361.

- C2051288_SLACK00025283, "IMG_5395.png": "Attachment sent to N. Pollak [Clio] and O. Radulescu [vLex] requesting legal advice re clauses in Alexi Agreement."

- CTRL0000000661, "Fwd: Alexi-Fastcase" (October 27, 2025): "Email requesting legal advice of O. Radulescu [vLex] re contract enforcement strategy" between Jack Newton, Ed Walters, and Octavia Radulescu on the day that vLex sent the breach letter to Alexi.

In addition to the breach letter drafts and related correspondence listed above, vLex also created internal drafts of the breach letter to Alexi. ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████.

## ARGUMENT

Counterclaim Defendants cannot meet their burden to show that breach communications shared between them are protected by the common interest exception to waiver, because Clio and vLex were adversarial parties to acquisition negotiations pursuing commercial rather than legal objectives. Moreover, vLex's waiver applies to the specific subject matter of the breach letter to Alexi, such that *all* draft breach letters—whether or not shared with Clio—must be produced.

### A. Counterclaim Defendants waived privilege over breach letter drafts and communications shared between vLex and Clio.

"The common interest doctrine, also known as the 'joint defense/prosecution privilege,' provides that parties with shared interests in actual or potential litigation may share information protected by the attorney-client privilege without waiving the privilege." *HTC Corp. v. IPCom*

7

*GmbH & Co., KG*, 2010 WL 11719072, at *7 n.10 (D.D.C. Oct. 26, 2010). The "vast majority of the courts" have rejected the position that the "common interest privilege covers any discussions between a company and a prospective purchaser of the company or the company's assets about litigation or potential litigation that could affect the company or the assets if the contemplated purchase were consummated." *10x Genomics, Inc. v. Celsee, Inc.*, 505 F. Supp. 3d 334, 338–39 (D. Del. 2020); *see also id.* at n.3 (collecting cases). In the context of a business acquisition, courts in particular have held that the common interest doctrine does not protect disclosures made "for business purposes rather than for the purpose of pursuing a common legal effort." *RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, 2017 WL 2292818, at *3 (D. Nev. May 25, 2017) (collecting cases); *Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 349 (N.D. Ohio 1999) (holding that defendant "sought commercial gain, not legal advantage, through disclosure of its lawyer's advice" to third parties).

Court narrowly construe the common interest privilege, *W. Trails, Inc. v. Camp Coast to Coast, Inc.*, 139 F.R.D. 4, 8 (D.D.C. 1991). Moreover, as the party asserting it, Clio bears the burden in establishing that it applies, *In re Lindsey,* 158 F.3d 1263, 1269 (D.C. 1998). "The basis of a privilege must be adequately established in the record," through competent evidence rather than "just conclusory statements, generalized assertions, and unsworn averments of its counsel." *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 127 (D.D.C. 2012) (quoting cases).

Clio comes nowhere close to meeting that burden with respect to the breach letter drafts and correspondence. Before November 5, 2025 (the "Closing Date"), Clio and vLex were separate companies that shared drafts and communications about the breach letter that vLex eventually sent to Alexi on October 27, 2025 (nine days before the Closing Date). vLex's

disclosure of those documents to Clio waived any privilege that may have existed, because the

█████████████████████████████████████████████████████████████████████████

████████████████████████████, not a shared legal defense.

█████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████████████. Alexi SUMF ¶¶ 153–54. None of the

predicates for a common attorney-client privilege apply in this circumstance. ████████████

███████████████████████████████████ Clio and vLex had adverse legal interests

when it came to claiming that Alexi had breached the Agreement: ██████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████. *Nidec Corp. v. Victor

Co. of Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (rejecting common-interest privilege in the

context of a business purchase, where the communications at issue were "designed to further not

a joint defense in this litigation, but to further a commercial transaction in which the parties, if

anything, have opposing interests").

Moreover, at the time of the communications, Clio had no litigation or legal interest at all

in the Agreement between Fastcase and Alexi, as Clio was not a party to that Agreement and had

no rights or obligations under it. Clio's only conceivable interest was thus commercial—to

protect the business value of the $1 billion "data moat" it was hoping to acquire. *Planned

Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 2019 WL 1589974, at *10 (N.D. Cal.

Apr. 11, 2019) (rejecting common interest privilege where the third party "may support CMP's

9

efforts and have an interest in CMP's success, but [they] are not standing in CMP's shoes" with respect to the potential litigation and noting the "shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within [the common interest] exception" (quoting *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012)); *Blanchard v. EdgeMark Fin. Corp.*, 192 F.R.D. 233, 237 (N.D. Ill. 2000) (rejecting common-interest privilege where "the threatened litigation did not implicate any *legal* interest of [the third party], only its financial interest"); *10X Genomics*, 505 F. Supp. 3d at 340 ("Parties to merger and acquisition negotiations almost inevitably retain counsel in order to ensure that *their* interests— as opposed to the interests of the party with whom they are negotiating—are protected. And their communications with *their* counsel are shielded by the attorney-client privilege.").

Because Clio and vLex cannot establish any common legal interest before the Closing Date with respect to Alexi's purported breach of the Agreement, any privilege attaching to the draft breach letters and related communications they shared on that topic, prior to November 5, 2025, has been waived. The Court should order the Counterclaim Defendants to produce the documents shared between Clio and vLex cited above. *See supra* at 5.

**B. Counterclaim Defendants' waiver extends to the "subject matter" of vLex's draft breach letter to Alexi, regardless of whether those drafts were shared with Clio**

In addition, "a waiver of the privilege in an attorney-client communication extends to all other communications relating to the same subject matter." *In re Sealed Case*, 877 F.2d 976, 980–81 (D.C. Cir. 1989) (quotation omitted). Accordingly, Fastcase and vLex waived privilege with respect to, at a minimum, the specific subject matter of the drafting of vLex's breach letter to Alexi. The Court should compel the Counterclaim Defendants to produce *all* drafts of the breach letter contained on Counterclaim Defendants' privilege log, including the drafts that vLex did not share with Clio. *See supra* at 5 (citing documents).

10

**CONCLUSION**

The Court should compel Counterclaim Defendants to produce the documents cited above.


Dated:  July 7, 2026

By: */s/ Johanna Rae Hudgens*
Johanna Rae Hudgens (*pro hac vice*)
WINSTON TAYLOR LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
johanna.hudgens@winstontaylor.com

Benjamin L. Rudofsky (DC Bar No. 1029844)
Allie A. Dodd (*pro hac vice*)
Melissa A. Iannuzzi (*pro hac vice*)
WINSTON TAYLOR LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5017
Fax: (202) 282-5100
benjamin.rudofsky@winstontaylor.com
allie.dodd@winstontaylor.com
melissa.iannuzzi@winstontaylor.com

Joshua Hafenbrack (D.C. Bar No. 1017128)
HAFENBRACK LAW
818 18th St. NW
Suite 810
Washington, DC 20006
jhafenbrack@hafenbracklaw.com

*Counsel for Defendant Counterclaim-Plaintiff*
*Alexi Technologies Inc.*