# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.<br><br>Defendant. | C.A. No. 1:25-CV-04159-RJL<br><br>Hon. Richard J. Leon |
| ALEXI TECHNOLOGIES INC.<br><br>Counter-Plaintiff,<br><br>v.<br><br>FASTCASE, INC., VLEX, LLC and THEMIS SOLUTIONS INC.<br><br>Counter-Defendants. | |

**DECLARATION OF OCTAVIA RADULESCU IN SUPPORT OF**
**COUNTER-DEFENDANTS' OPPOSITION TO ALEXI'S MOTION TO COMPEL**

I, Octavia Radulescu, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I submit this declaration in support of Counterclaim Defendants Fastcase, Inc., vLex, LLC ("vLex"), and Themis Solutions Inc.'s ("Clio") (collectively, "Fastcase") Opposition to Defendant Alexi Technologies Inc.'s ("Alexi") Motion to Compel. I am over 18 years of age. I have personal knowledge of the facts stated in this declaration and could competently testify to them if called as a witness.

2. I am currently Clio's Director of Legal for Spain and Latin America, a position I have held since November 2025. Before Clio's acquisition of vLex, I served as vLex's General Counsel and Compliance Officer from October 2023 through November 2025. In that role, I was

responsible for legal matters involving vLex and its subsidiaries, including Fastcase and the dispute with Alexi addressed in this declaration.

3. In approximately June 2025, I became aware of information indicating that Alexi was using Fastcase's data in violation of the Data Licensing Agreement between Fastcase and Alexi (the "Agreement"). I participated in the legal review and investigation of that conduct.

4. As part of my investigation into Alexi's breach, I anticipated that Alexi's conduct could result in a contested contractual dispute and potential litigation. Among other things, Alexi's conduct required Fastcase and vLex to evaluate their rights under the Agreement, the Agreement's notice and termination provisions, the evidence supporting a breach, and the steps necessary to preserve Fastcase's contractual and litigation positions.

5. On or about June 19, 2025, I directed and participated in the preparation of a draft notice of breach to Alexi. I further revised that draft with Lluis Faus on or about June 27, 2025. The drafts reflected counsel's legal analysis, judgments, and strategy concerning Alexi's breach, the remedies available under the Agreement, and the dispute that we reasonably expected would follow from a formal breach notice.

6. The drafts were prepared because of the anticipated dispute and potential litigation with Alexi. They were not ordinary-course business documents and would not have been prepared in substantially the same form absent the prospect of that dispute and litigation.

7. During June 2025, the drafts were circulated only to a limited group of individuals involved in evaluating and addressing the Alexi matter, including certain vLex personnel, outside counsel, and certain representatives of Oakley Capital, vLex's controlling investor at the time. Access was limited to individuals who needed the drafts to provide legal advice, make decisions concerning the anticipated dispute, or oversee the matter. I understood that the drafts were

confidential and that none of the recipients was authorized or expected to disclose them to Alexi or any other person adverse to Fastcase or vLex.

8. No version of the draft breach notice was disclosed to Clio before the parties signed the acquisition agreement on June 30, 2025.

9. On June 30, 2025, affiliates of Clio and the owners of the vLex corporate group entered into a binding Agreement for the Sale and Purchase of Felix Spain Bidco, S.L. (the "SPA"), under which Clio agreed to acquire the corporate group that included vLex and Fastcase. From that point forward, Clio and vLex shared an interest in preserving Fastcase's rights under the Agreement and preparing for the anticipated dispute with Alexi, which would affect the corporate group Clio had agreed to acquire.

10. On or about August 26, 2025, Lluis Faus shared with Niamh Pollak, Clio's Vice President of Legal, Jack Newton, Clio's Chief Executive Officer, and Ronnie Gurion, Clio's President and Chief Operating Officer, a copy of C2051288_SLACK00025271, which was vLex's June 2025 draft notice of breach letter. I was included on the communication sharing this document. This document was not shared to negotiate the SPA, establish the acquisition price, persuade Clio to enter into the SPA, or permit Clio to decide whether to proceed with the acquisition. The SPA had already been signed nearly two months before.

11. This document was shared so that the vLex and Clio legal teams could obtain and coordinate legal advice concerning Fastcase's rights under the Agreement, the proposed breach notice, and the dispute and litigation we anticipated Alexi would initiate or pursue in response. The communication was part of the parties' effort to develop a consistent legal strategy for enforcing Fastcase's rights and responding to Alexi's expected challenge.

12. At the time of the August communication, I understood that the SPA imposed continuing confidentiality obligations on the parties and contemplated that privileged information could be shared when necessary in a manner designed to preserve confidentiality and legal professional privilege. vLex expected Clio and its counsel to maintain the confidentiality of the document and related communications. vLex did not authorize or expect Clio to disclose them to Alexi or any other actual or potential adversary.

13. In October 2025, a limited number of members of the vLex and Clio legal and executive teams exchanged additional confidential communications as Fastcase and vLex prepared to issue the October 27, 2025 notice of breach. Those communications concerned counsel's legal advice, analysis of Fastcase's contractual rights, the contents and timing of the notice, and strategy for the dispute and potential litigation expected to follow.

14. The October communications were made for the purpose of obtaining and coordinating legal advice and aligning the parties' legal strategy concerning Alexi. They were not shared outside the limited group involved in that legal effort, and I understood that all participants were expected to preserve their confidentiality.

15. Neither I nor, to my knowledge, anyone acting at my direction has disclosed the confidential internal drafts or the substance of counsel's internal drafting process to Alexi. Nor have I authorized anyone to disclose those materials to Alexi or any other party adverse to Fastcase, vLex, or Clio.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2026 in Barcelona, Spain.

Signed by:
Octavia Radulescu
3FBDD03B54CE4AA...

Octavia Radulescu