**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.,<br><br>Defendant. | C.A. No. 1:25-CV-04159-RJL |
| ALEXI TECHNOLOGIES INC.<br><br>Counterclaim Plaintiff,<br>v.<br><br>FASTCASE, INC., VLEX, LLC, &<br>THEMIS SOLUTIONS INC.,<br><br>Counterclaim Defendants. | |

## ALEXI'S MOTION FOR MEDIATION AND A TRIAL DATE

Alexi Technologies, Inc. respectfully requests that the Court (1) order mediation between Alexi and Fastcase, Inc. (now owned by Counterclaim-Defendant Themis Solutions Inc., d/b/a Clio); and (2) schedule a five-day trial beginning November 2, 2026, following jury selection, to resolve liability over the parties' contract-related claims, in the event that the Court does not grant summary judgment in full based on the pending motions.

For the reasons set forth in Alexi's summary judgment papers, the Court should enter summary judgment in full in favor of Alexi on the claims subject to expedited discovery—not the least because Fastcase did not comply with the notice-and-cure requirement in the Data License Agreement between Fastcase and Alexi (a condition precedent to Fastcase's contract-breach action and an issue that Fastcase concedes raises a pure question of law). Dkt. 94-2 at

20–23; Dkt. 101-2 at 13–14. But in the event the Court does not enter summary judgment on all of the claims subject to expedited discovery—or only resolves discrete interpretive questions, *see* Dkt. 119—the two-track approach of ordering mediation and scheduling trial will best position the parties to settle, as the Court has advised, or otherwise "secure the just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1. And, as described further below, scheduling a prompt November 2026 trial over contract liability is warranted because Alexi continues to face severe and mounting business harm from Clio's lawsuit and related actions—which was the basis for this Court granting expedited discovery into the contract claims in the first place. Clio brought this lawsuit almost a year ago and, ever since, has pursued a delay strategy to try to bury Alexi's business beneath a mountain of litigation expenses before this case can be decided on the merits. That includes Clio's dragging its feet on participating in mediation and its refusal to participate in any substantive settlement discussions, despite this Court's pointed encouragement that the parties explore those avenues in earnest.

To bring these claims to a close one way or another, the Court should order the parties to participate in a one-day mediation in September; enter the pre-trial schedule reflected in Exhibit A to this motion; and calendar a one-week jury trial beginning November 2, 2026.

## FACTUAL BACKGROUND

Alexi and Fastcase entered into the Data License Agreement on December 6, 2021. For nearly four years, the parties performed under that contract—with Fastcase never objecting to Alexi's AI-powered legal memo technology (and in fact championing Alexi's technological achievements in the field). Dkt. 96 at 34–35. After Clio acquired Fastcase (and its then-parent company, vLex), Fastcase then abruptly shifted course and claimed, for the first time in late

October 2025, that Alexi's use of the Fastcase caselaw data in connection with its AI service violated the Agreement.

On November 26, 2025, Fastcase brought its contract breach action, Dkt. 1, and shortly thereafter, cut off Alexi's access to critical daily caselaw updates and contacted the CEOs of at least two potential acquirers to warn them against acquiring Alexi. On January 17, 2026, Alexi counterclaimed for breach of contract and brought claims, among other things, for tortious interference and under Section 7 of the Clayton Act (challenging Clio's acquisition of vLex and Fastase as anticompetitive). Dkt. 48.

On January 29, 2026, Alexi moved for expedited discovery on the parties' contract-related claims. In support of why expedited discovery was necessary, Alexi noted the escalating business harms it continued to suffer as a result of Clio's lawsuit and related actions. Dkt. 55, at 2, 9–11. On February 17, 2026, the Court granted Alexi's motion for expedited discovery, citing its "broad discretion to permit expedited discovery" and concluding that "there is good cause to adopt Alexi's streamlined proposal in light of the facts on the ground and in the interest of efficiency." Docket Entry (2/17/26). Pursuant to the Court's order, the parties then exchanged thousands of documents, conducted 10 depositions (plus Rule 30(b)(6) testimony), and filed cross-motions for summary judgment on the contract-related claims subject to expedited discovery. Dkt. 94, 96–98, 101, 103.[1]

[1] In addition to Fastcase's contract claim (Count One), the other claims subject to expedited discovery (the "Expedited Discovery Claims") were the Alexi's (1) contract claim (Count One) and related claims that (2) Fastcase breached the covenant of good faith and fair dealing (Count Two) and (3) Clio and vLex tortiously interfered with Alexi's contractual rights by inducing Fastcase to manufacture a claim of breach and bring this lawsuit (Count Four). Dkt. 81-1 ¶ 1.

Earlier this month, at the Court's request, the parties then submitted additional briefing highlighting legal and factual issues raised in the summary judgment papers. Dkts. 119, 120. As counsel for both parties confirmed in chambers with the Court at the July 8, 2026 hearing, the parties do not need any additional discovery to resolve liability over the contract-related claims that were subject to expedited discovery.

Meanwhile, Alexi's financial situation has continued to deteriorate as a result of this lawsuit. As described in CEO Mark Doble's declaration, which is attached to this motion as Exhibit B, Alexi is stuck in survival mode pending judgment on whether it breached the Agreement, as Clio has alleged. M. Doble Decl. ¶¶ 4–6.

Pursuant to Local Civil Rule 7(m), Alexi met and conferred with Clio's counsel over its request for mediation on at least three separate occasions, and further conferred with respect to its request for a November 2026 trial date over email and in a telephonic conference held August 19, 2026. The parties' email exchange is attached as Exhibit C to this motion. Clio has refused to agree to either mediation or to schedule a trial date.

**ARGUMENT**

The Court should (1) order the parties into mediation and (2) enter the pre-trial schedule reflected in Exhibit A to this motion and set a one-week trial beginning on November 2, 2026.

***Mediation***: The Court should order the parties to conduct a one-day mediation by the end of September 2026, ahead of the pre-trial deadlines for a November 2026 trial. As the Court noted at the July 8 hearing, this is a business dispute that may be best resolved, for all parties, through settlement rather than prolonged litigation. Although Clio has expressed openness to the general concept of mediation, it has been unwilling to commit to anything that would permit the parties to move ahead, including a timeline and what type of mediator should be engaged. In a

series of phone calls and emails dating back to shortly after the July 8 hearing, Alexi has tried and failed to make progress towards that goal, only to find that the goalposts for even getting a firm commitment to mediation keep moving: first, to the hearing on August 19; then, to the rescheduled hearing on September 15; and most recently, to whenever a summary judgment opinion is rendered. Alexi has no interest in playing Charlie Brown to Clio's Lucy, and this Court should take matters into its own hands and order the parties to engage with one another in good faith. Court-ordered mediation would benefit both sides by requiring the principal decisionmakers at Alexi and Clio to hear the strengths and weaknesses of their case—and the risks of protracted litigation—from a credible independent party such as a retired federal judge.

Indeed, Clio's most recent position—that it will not agree to mediation until after the Court renders its decision on summary judgment—does not make sense, because mediation is not a one-and-done event. The parties would benefit from hearing the objective views of a respected mediator regardless and, to the extent the parties cannot reach an agreement at the first mediation, Clio and Alexi could revisit mediation at a later date after key events such as the Court's decision on summary judgment or a jury verdict on liability, with a mediator already up to speed on the case. In short, mediation is a process, and that process should begin now. And getting the ball rolling on mediation now is important to move the parties to resolution, independent of whether the Court schedules a November trial date, as requested below.

***Trial Date***: Concurrently with ordering mediation, Alexi respectfully requests that the Court schedule a one-week jury trial, regarding the claims subject to expedited discovery, beginning November 2, 2026. Alexi has attached to this motion, as Exhibit A, a pre-trial schedule—which Alexi shared with Clio's counsel before meeting and conferring on this motion—with deadlines leading to a November 2, 2026, trial date. The Court should enter that

schedule and order jury selection to begin November 2, 2026, with a trial to follow, or enter such a schedule at the earliest practicable date for the Court.[2]

Of course, Alexi believes the Court should grant summary judgment in favor of Alexi on the Expedited Discovery Claims. Although a decision in favor of Alexi would eliminate the need for a trial on those claims, Alexi is mindful of the Court's comments in chambers on July 8 both that this dispute may present factual issues that preclude full summary judgment, and that the parties should attempt to settle these claims. In the event the Court does not dispose of the contract claims on summary judgment, there is good cause for calendaring a prompt trial date in November 2026.

"District courts enjoy broad discretion when deciding case management and scheduling matters." *McGehee v. U.S. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019); *see also In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1210 (D.C. Cir. 2003) (explaining a district court's discretion is "at its greatest" in "a case-management decision"). The Court may may use that discretion in the "the interests of efficacy or judicial economy." *Reps. Comm. for Freedom of the Press v. U.S. Customs & Border Patrol*, 2018 WL 11672683, at *1 (D.D.C. Dec. 7, 2018).

Here, an impending, concrete trial date will focus the parties' attention on settlement and make the mediation requested above all the more pressing and effective. There are several other reasons weighing in favor of a liability trial on the Expedited Discovery Claims.

[2] The trial would cover the Expedited Discovery Claims, which have already been subject to discovery and pending before the Court on summary judgment. To the extent the parties could not settle the case after that trial, there would need to be additional discovery over: (1) damages; (2) Fastcase's IP claims; and (3) Alexi's antitrust claim under Section 7 of the Clayton Act and its tortious interference claim with respect to potential acquisition opportunities. The Court could stay further discovery on damages and these non-contract claims until after trial and set a further case schedule, if necessary, at a later date.

***First***, scheduling a prompt trial date is by far the most efficient way to resolve this case, even if mediation is unsuccessful. If the parties cannot settle the case through mediation in the near term, getting the jury's answer on which party breached the Agreement—Alexi or Fastcase—will resolve what the parties agree is the key threshold issue for the entire case, *see* Dkt. 55 at 2, 8–9 & Dkt. 61, and provide a strong foundation for settlement at that point. A trial over the contract-related claims thus may result in resolution of the entire case and conserve judicial resources. Even if further litigation on the remaining issues and claims is required, *see supra* at n.2, the jury's verdict on contract liability will substantially streamline any further proceedings (for example, the parties would only need to pursue discovery into the contract damages of the non-breaching party).

***Second***, Alexi faces mounting business harm the longer Clio's breach allegation remains unresolved. *See supra* at 2–4. As set forth in detail in the Declaration of Mark Doble, filed under seal as Exhibit B to this motion, Alexi is down to a skeletal operation, and it needs an answer on the central contract breach question to move forward as a business. Ex. B ¶¶ 2–4.

***Third***, scheduling a November 2026 trial date would result in no prejudice to Clio. Clio brought this lawsuit in the first place and has agreed that the contract breach determination is the pivotal threshold issue at the heart of this case. *See generally* Dkt. 61. Clio should have no qualms about promptly litigating its own lawsuit.

Alexi has set forth an eminently reasonable pre-trial schedule, *see* Exhibit A, over which Clio raised no specific concerns. And Clio's counsel confirmed—in response to a direct question from the Court in Chambers on July 8, 2026—that it does not need any additional discovery into the contract issues that were subject to expedited discovery. In recent email correspondence, Clio's counsel has done a 180 and says it needs unspecified additional fact and expert discovery

before the contract claims go to the jury. This is disingenuous at best. Alexi produced more than 25,000 documents; gave Clio's counsel extensive access to the Alexi platform (even though it was not required to do so under the Federal Rules); and allowed Clio to depose all of Alexi's key employees at length. Based on all that discovery, Clio filed 92 pages of summary judgment briefing with 344 paragraphs of facts—including raising its brand-new theories of breach for the very first time. As this Court will no doubt recall, Clio didn't file a Rule 56(d) motion; indeed, nowhere in all that paper did it even hint at any need for additional discovery.

Clio's recycled argument that it needs expert discovery is equally bankrupt. Clio argued it needed expert discovery in opposing Alexi's motion for expedited discovery in the first place, Dkt. 61 at 23, and this Court disagreed and entered the expedited discovery schedule. Clio then never said a word about experts again until now, when it needs another excuse to delay resolution of the breach allegation that Clio conjured up and brought in the first place. Experts are simply not needed to determine contract liability.

In short, to the extent the Court determines there are factual issues that cannot be resolved on summary judgment, the Expedited Discovery Claims are ripe for the jury. There is no reason to delay things further.

## CONCLUSION

The Court should (1) order the parties into mediation and (2) enter the pre-trial schedule reflected in Exhibit A and order a one-week jury trial to begin on November 2, 2026, following jury selection.

Dated: August 24, 2026

*Respectfully submitted,*

By: */s/ Johanna Rae Hudgens*
Johanna Rae Hudgens (*pro hac vice*)
George E. Mastoris (*pro hac vice* forthcoming)
WINSTON TAYLOR LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
johanna.hudgens@winstontaylor.com
george.mastoris@winstontaylor.com

Benjamin L. Rudofsky (DC Bar No. 1029844)
Melissa A. Iannuzzi (*pro hac vice*) WINSTON TAYLOR LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 282-5017
Fax: (202) 282-5100
benjamin.rudofsky@winston.com
melissa.iannuzzi@winston.com

By: *Joshua Hafenbrack*
Joshua Hafenbrack (D.C. Bar No. 1017128)
HAFENBRACK LAW
818 18th St. NW
Suite 810
Washington, DC 20006
jhafenbrack@hafenbracklaw.com

*Counsel for Defendant Counterclaim-Plaintiff Alexi Technologies Inc.*