# EXHIBIT C

## Iannuzzi, Melissa

**From:** Krannich, Jess <jkrannich@wsgr.com>
**Sent:** Thursday, August 20, 2026 6:21 PM
**To:** Joshua Hafenbrack
**Cc:** Sampson, Paul; Nelson, Rebecca; Hudgens, Johanna Rae; Mastoris, George; Iannuzzi, Melissa
**Subject:** RE: Meet and confer

Thanks, that makes sense, and I'm available most of the day tomorrow if it becomes helpful to connect on any aspect of this.

On your second point below, our view is and has been that the contract can be interpreted by the Court and there are no disputes of material fact that would preclude the Court from engaging in the contractual analysis and liability determination we've requested. That is what I said in chambers and what we said in the recent joint filing. The question prompted by your request, though, is what should happen if the Court determines there are factual disputes and contractual liability should be tried to a jury. We argued prior to this expedited phase that expert analysis of Alexi's platform, data usage, and programming would be needed prior to a trial, and the litigation through this initial phase hasn't made that need any less important. For example, Alexi made a number of technical arguments in its summary judgment briefing about how the data is stored, accessed, used, shared (or not shared) with customers, etc. Discovery related to those kinds of assertions is far from complete, the only real pressure-testing allowed so far was through demos performed by lawyers who can't be witnesses, and Clio would be prejudiced if forced to try a license case about Alexi's usage and defend arguments about that usage without ever getting fulsome discovery on that topic or analysis from a subject matter expert. Were only the contractual liability disputes to be set for trial, we would certainly want to confer about these issues and negotiate a schedule for remaining case development in addition to the trial schedule. As I noted below, if the request is to set a trial on a broader swath of the case entirely co-extensive with the issues that were expedited, we would need to discuss a commensurate scope and schedule.

Best,

WILSON SONSINI
Jess M. Krannich
direct: +1.801.401.8513
mobile: +1.801.664.6910
jkrannich@wsgr.com

Wilson Sonsini Goodrich & Rosati
95 South State Street, Suite 100
Salt Lake City, UT 84101

www.wsgr.com

**From:** Joshua Hafenbrack <jhafenbrack@hafenbracklaw.com>
**Sent:** Thursday, August 20, 2026 3:15 PM
**To:** Krannich, Jess <jkrannich@wsgr.com>
**Cc:** Sampson, Paul <psampson@wsgr.com>; Nelson, Rebecca <RNELSON@wsgr.com>; Johanna Rae Hudgens <JHudgens@winston.com>; George Mastoris <george.mastoris@winstontaylor.com>; Melissa Iannuzzi

<Miannuzzi@winston.com>
**Subject:** Re: Meet and confer

EXT - jhafenbrack@hafenbracklaw.com

---

Hi Jess,

Thanks for the email and for providing Clio's position. We don't think a further meet and confer is necessary, since we clearly have a dispute over the best path forward and we can put our respective positions in our papers to the Court. Alexi intends to file its motion tomorrow.

As one final note, I'm surprised to hear you say that Clio believes it needs still more discovery on the contract claims. At the July 8 hearing in chambers, Judge Leon directly asked whether you needed additional discovery on the expedited discovery claims, and you said no and I agreed from Alexi's perspective. Expert discovery is not needed to determine liability under the contract, and you don't identify any contract-specific discovery Clio was unable to obtain through Alexi's voluminous document productions; Alexi's granting Clio's counsel extensive access to the Alexi platform; and the many hours of depositions of all the key players at Alexi.

--Josh.

On Thu, Aug 20, 2026 at 4:21 PM Krannich, Jess <jkrannich@wsgr.com> wrote:

> Apologies for the delay in my follow up here, I meant to respond this morning but had a bit of a fire drill in another matter.
>
> As to the request for an expedited trial, our view is that the request is premature and not ripe until the Court addresses the recent filings and decides whether it can rule on the contractual disputes on summary judgment or if instead there are material disputes of fact that will require resolution by a jury (and, if so, which factual disputes). Also, the request as described is to further expedite a trial of all claims and issues that were part of the earlier expedited phase of this case. That phase involved limited written and third -party discovery, limited depositions, and no expert phase at all. Were any trial to be set in this case, it would need to follow a period of more meaningful and complete discovery for the claims being tried, the opportunity for expert analysis, and a thoughtful schedule tied to the scope of the trial. The lawyers on both sides disagree on a lot here, but I hope we can all agree that the procedural posture this case is in at the moment is not normal. That is the product of a chaotic process this spring that the Court has already observed did not work. In our view, we need to first hear from the Court on what to do with the output of that process. If the Court addresses the contractual issues on summary judgment, the parties would then need to confer about the impact of that ruling, what is left of the case (from the expedited phase and generally), and what kind of schedule should be set for the rest of the case. If the Court denies summary judgment, the parties would similarly need to confer about what kind of schedule should be set for the claims that were expedited. Either way, the Court’s decision on whether it can adjudicate anything at this stage via motion practice is the threshold issue.

As to the ADR discussion, Clio is open to a variety of types of ADR and to a negotiated resolution. The only question at this stage is whether to schedule and pay for private mediation prior to hearing from the Court on the above or considering other options that are available to the Court, including a settlement conference with a magistrate judge. We would prefer to revisit this issue at the upcoming hearing, when we may have input from the Court on the pending motions and the timing of any decision. It might make sense then to schedule with a magistrate judge or to even work on scheduling private mediation, but we'd like to first hear from the Court. I am also happy to continue having Rule 408 discussions among counsel and exploring these options in the meantime – in particular, we should confer further about the magistrate option once we've both gathered some more information.

Please let us know if you would still like to connect this afternoon. I'm also happy to sidebar with anyone from your team if it would be helpful to talk through our position or how to state it in connection with your intended motion.

Best,

WILSON SONSINI

Jess M. Krannich

**direct: +1.801.401.8513**
**mobile: +1.801.664.6910**
**jkrannich@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 100
Salt Lake City, UT 84101

www.wsgr.com

---

**From:** Joshua Hafenbrack <jhafenbrack@hafenbracklaw.com>
**Sent:** Monday, August 17, 2026 1:18 PM
**To:** Krannich, Jess <jkrannich@wsgr.com>
**Cc:** Sampson, Paul <psampson@wsgr.com>; Nelson, Rebecca <RNELSON@wsgr.com>; Johanna Rae Hudgens <JHudgens@winston.com>; George Mastoris <george.mastoris@winstontaylor.com>; Melissa Iannuzzi <Miannuzzi@winston.com>
**Subject:** Re: Meet and confer

EXT - jhafenbrack@hafenbracklaw.com

Hi all,

Ahead of our meet and confer Wednesday, attached is our proposed schedule for a Nov. 2 trial date, including pre-trial deadlines.

In addition, we think the parties should agree to a one-day mediation sometime in September. In the interest of transparency (and as noted in my email last week), in the event Clio does not agree to mediation, we intend to ask the Court to order it.

Look forward to talking on Wednesday,

--Josh.

On Thu, Aug 13, 2026 at 10:28 PM Joshua Hafenbrack <jhafenbrack@hafenbracklaw.com> wrote:

> We can do 4 PM EST. And yes, we will aim to circulate some specifics on Monday.
>
> On Aug 13, 2026, at 6:36 PM, Krannich, Jess <jkrannich@wsgr.com> wrote:
>
> Thanks for raising this, and yes, we can discuss next Wednesday. Any chance we can schedule it between 4:00-5:30 PM ET? If you could circulate specifics of your proposal early next week, that would also be helpful.
>
> Best,

<image001.png>

Jess M. Krannich

**direct: +1.801.401.8513**
**mobile: +1.801.664.6910**
**jkrannich@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 100
Salt Lake City, UT 84101

www.wsgr.com

<image002.png> <image003.png> <image004.png> <image005.png> <image006.png>

---

**From:** Joshua Hafenbrack <jhafenbrack@hafenbracklaw.com>
**Sent:** Thursday, August 13, 2026 12:08 PM
**To:** Krannich, Jess <jkrannich@wsgr.com>
**Cc:** Sampson, Paul <psampson@wsgr.com>; Nelson, Rebecca <RNELSON@wsgr.com>; Johanna Rae Hudgens <JHudgens@winston.com>; Mastoris, George <george.mastoris@winstontaylor.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>
**Subject:** Re: Meet and confer

EXT - jhafenbrack@hafenbracklaw.com

---

Hi Jess, Wednesday afternoon works, but in the event the parties can't agree to mediation and a joint proposal for a trial date, we intend to move the Court on those issues no later than next Friday (8/21) so they are fully briefed by the September status conference. So, please come prepared to discuss those topics and to provide Clio's position on them next Wednesday.

We propose a five-day jury trial starting November 2. Before the meet and confer, we'll circulate our proposed schedule of pre-trial disclosures/deadlines.

Does 2 PM EST work for the Wednesday meet and confer?

Hope everyone has a good weekend,

--Josh.

On Wed, Aug 12, 2026 at 8:42 PM Krannich, Jess <jkrannich@wsgr.com> wrote:

Sorry for the late response. My week is a mess this week because a client is closing a major transaction while in litigation and I've been pulled in with the deal team. It will be unpredictable until closing, which is supposed to occur Friday, and then I'm out with my son Monday and Tuesday. How are your schedules next Wednesday afternoon?

Best,

<image001.png>

Jess M. Krannich

**direct: +1.801.401.8513**
**mobile: +1.801.664.6910**
**jkrannich@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 100
Salt Lake City, UT 84101

www.wsgr.com

<image002.png> <image003.png> <image004.png> <image005.png> <image006.png>

---

**From:** Joshua Hafenbrack <jhafenbrack@hafenbracklaw.com>
**Sent:** Wednesday, August 12, 2026 9:07 AM
**To:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>; Nelson, Rebecca <RNELSON@wsgr.com>
**Cc:** Johanna Rae Hudgens <JHudgens@winston.com>; Mastoris, George <george.mastoris@winstontaylor.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>
**Subject:** Meet and confer

EXT - jhafenbrack@hafenbracklaw.com

---

Jess, Paul, Rebecca:

Are you available to meet and confer tomorrow or Friday? We'd like to discuss mediation and moving the Court for a November trial date, in the event the Court doesn't resolve the case on summary judgment.

--Josh.

--

**Josh Hafenbrack**

Hafenbrack Law

(202) 603-0857

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please

> contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.