**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.<br><br>Defendant. | C.A. No. 1:25-CV-04159-RJL<br><br>Hon. Richard J. Leon |
| ALEXI TECHNOLOGIES INC.<br><br>Counter-Plaintiff,<br><br>v.<br><br>FASTCASE, INC., VLEX, LLC and THEMIS SOLUTIONS INC.<br><br>Counter-Defendants. | |

**COUNTERCLAIM DEFENDANTS' OPPOSITION TO**
**ALEXI'S MOTION FOR MEDIATION AND A TRIAL DATE**

## TABLE OF CONTENTS


**Page**

INTRODUCTION ..... 1

BACKGROUND ..... 2

ARGUMENT ..... 4

I. Alexi's Request for Trial Is Premature. ..... 5

A. Dispositive Motions Should Be Resolved Before the Court Sets a Trial Date. ..... 5

B. Alexi's Proposed Schedule Is Unreasonably Compressed and Would Prejudice Fastcase. ..... 9

II. Court-Ordered Mediation Should Be Deferred. ..... 12

CONCLUSION ..... 14

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Burkhart v. Wash. Metro. Area Transit Auth.*,
112 F.3d 1207 (D.C. Cir. 1997) ........ 5

*Cotto v. Fed. Nat'l Mortg. Ass'n*,
No. 1:20-CV-6487-MKV, 2021 WL 4340668 (S.D.N.Y. Sept. 22, 2021) ........ 13

*Davis v. Bud & Papa, Inc.*,
885 F. Supp. 2d 85 (D.D.C. 2012) ........ 8

*Fleming v. Medicare Freedom of Info. Grp.*,
310 F. Supp. 3d 50 (D.D.C. 2018) ........ 13

*Ragusa v. Louisiana Ins. Guar. Ass'n*,
No. CV 21-1971, 2022 WL 1112812 (E.D. La. Mar. 7, 2022) ........ 9,10

### RULES

D.D.C. LCvR 7(l) ........ 5

D.D.C. LCvR 16.3(c)(5)(iii)(bb) ........ 12

D.D.C. LCvR 16.3(c)(14) ........ 10

Fed. R. Civ. P. 56(d) ........ 9

Fed. R. Evid. 408 ........ 4, 12, 13, 14

## INTRODUCTION

Alexi asked this Court to expedite the contract phase of this case so the parties could conduct streamlined discovery and present their threshold disputes for resolution on summary judgment. The Court did so. The parties completed that limited discovery, fully briefed their dispositive motions, and—at the Court's direction—submitted joint statements identifying the legal issues capable of resolution by the Court and the factual disputes that might require a fact finder. Those matters remain pending.

Alexi now asks the Court to commit to the next phase before the current one has run its course. It seeks a five-day jury trial beginning November 2, with substantive pretrial deadlines beginning in mid-October, even though neither the Court nor the parties yet know what claims or factual issues, if any, will remain for trial.

More fundamentally, Alexi asks the Court to place the entire set of claims subject to expedited discovery on a November liability-trial track—not merely whatever factual issues may remain after the Court resolves the discrete legal questions identified in the parties' supplemental submissions. That broader set includes fact-intensive claims, defenses, and theories involving, among other things, modification through course of performance, waiver, estoppel, and bad faith. Yet in the roughly nine months this case has been pending, the parties have had only about three months of deliberately limited fact discovery on that entire set of issues and no expert discovery at all. The expedited process was designed to present threshold issues for summary judgment, not to create a complete trial record. Alexi now asks the Court to treat that truncated record as trial-ready.

Alexi also asks the Court to compel mediation by the end of September even though Fastcase has repeatedly expressed its willingness to pursue settlement, the parties remain

substantially apart, and the Court has already scheduled a September 15 status conference that may provide materially useful guidance.

Fastcase does not oppose trial, and it does not oppose mediation. It opposes deciding the timing of trial and mediation backwards. The pending, dispositive motions should be resolved ***before*** fixing a trial. And the Parties should have the benefit of hearing on September 15 how the Court intends for the case to proceed ***before*** engaging in formal mediation. Those steps will clarify what, if anything, must be tried, whether the deliberately limited expedited record requires supplementation, and when formal mediation is most likely to be productive. Alexi's proposed November schedule, by contrast, would require the parties to prepare an undefined case for trial on an unusually compressed timetable, while its proposed mediation deadline would force formal ADR before the parties receive guidance that may materially alter their respective positions.

There is no need to impose either deadline now. The Court should allow the expedited process Alexi requested to reach its natural conclusion and then set the next phase of the case based on what actually remains and with a schedule that allows that phase of the case to be prepared for trial. The Motion should be denied.

## BACKGROUND

Through several rounds of motion practice—including requests for injunctive relief and the dispositive motions now pending—the Court is familiar with the underlying dispute. In brief, Fastcase and Alexi entered into a Data License Agreement (the "Agreement") under which Alexi licensed Fastcase's caselaw data subject to specified use restrictions. ECF No. 94 at 3–6. Years later, following the emergence of generative artificial intelligence and large language models, Alexi transformed its product into a competitive legal research platform that, in Fastcase's view, used Fastcase's data well beyond the scope permitted by the Agreement. *Id.* at 10–16. After investigating that conduct, Fastcase notified Alexi of material breach on October 27, 2025. When

Alexi did not cure, Fastcase terminated the Agreement and filed this action on November 26, 2025. *See* ECF No. 1.

On December 10, 2025, Alexi moved for a temporary restraining order and preliminary injunction. ECF No. 15-1. The Court denied the TRO on December 18, 2025, deferred ruling on the preliminary injunction request, and permitted a limited discovery schedule directed to that request. ECF No. 28 at 2; *see also* December 29, 2025 Minute Order. Nearly a month into that process, Alexi withdrew its preliminary injunction motion and instead asked the Court to order expedited discovery on specified contract-related claims. ECF No. 55 at 1.

Fastcase agreed that the Agreement and Alexi's alleged breach presented threshold issues, but opposed Alexi's proposed expedition because the streamlined process would necessarily limit discovery and expert development. ECF No. 62 (filed under seal) at 8–9, 18–20 ("Fastcase agrees that phased discovery is appropriate; it disagrees that expedition should come at the expense of completeness, expert development, or the orderly presentation of the merits."). On February 17, 2026, the Court nevertheless adopted Alexi's proposal and ordered expedited discovery on the contract-related claims. *See* ECF No. 55-1 at 2; *see also* February 17, 2026 Minute Order.

That expedited phase proceeded through the end of May. The parties filed cross-motions for summary judgment in June, *see* ECF Nos. 94–104, while Fastcase's motion to dismiss Alexi's amended counterclaims also remained pending, *see* ECF Nos. 86, 110, 113. The Court scheduled argument for July 8, 2026, but did not hear the summary judgment motions that day. Instead, after conferring with counsel in chambers, the Court directed the parties to submit two streamlined filings: one identifying the "legal issues capable of being resolved on cross-motions for summary judgment," and another identifying "material facts that are disputed and would need to be addressed by a fact finder." July 8, 2026 Minute Order. The parties filed those submissions on

August 5, 2026. ECF Nos. 119–120. The Court subsequently scheduled a status conference for September 15. *See* August 5, 2026 Minute Order.

The Court also encouraged the parties to explore settlement. Since July 8, the parties have engaged in multiple Rule 408 discussions and have discussed several forms of alternative dispute resolution. *See* generally Exhibit A, Declaration of Jess Krannich ("Krannich Decl.") ¶¶ 4–6. Alexi's own exhibit reflects that Fastcase has remained "open to a variety of types of ADR and to a negotiated resolution," has offered to continue direct Rule 408 discussions, and has proposed revisiting either private mediation or a settlement conference with a magistrate judge after receiving further guidance from the Court. ECF No. 122-3 at 3. The parties nevertheless remain far apart in their settlement positions, and Alexi's own counsel acknowledged before filing this Motion that mediation might prove futile given that gap. Krannich Decl. ¶¶ 8–10.

Alexi now asks the Court to compel mediation by the end of September and to set a five-day jury trial beginning November 2 on the claims subject to expedited discovery if summary judgment does not dispose of them. *See* Mot. at 1–2, 4–8. Its proposed schedule would require substantive pretrial preparations to begin in mid-October and would place the final pretrial conference on October 30—three days before jury selection. ECF No. 122-1. But the Court has not yet resolved the dispositive motions or determined which claims, legal issues, or factual disputes, if any, will remain for trial. Fastcase therefore opposes Alexi's request to commit the Court and the parties to mediation and trial deadlines before the pending phase of the case has run its course.

**ARGUMENT**

Alexi asks the Court to do two things now: set an expedited November 2 trial on all claims subject to expedited discovery and compel mediation by the end of September. *See* Mot. at 4–5. Both requests are premature. The Court has not yet resolved the pending dispositive motions or

determined what claims and factual issues, if any, will remain for trial; Alexi's proposed trial schedule would leave inadequate time to address those rulings and prepare whatever issues survive; and formal mediation is more likely to be productive after the parties receive further guidance from the Court. The Motion should be denied.

## I. Alexi's Request for Trial Is Premature.

Alexi asks the Court to commit now to a November 2 jury trial even though three dispositive motions remain pending, and the Court has not yet determined what, if anything, must be tried. Its proposed schedule would begin substantive pretrial work on October 14, require a final pretrial conference on October 30, and begin jury selection three days later. ECF No. 122-1.

The request should be denied for two independent reasons. First, the Court should resolve the pending motions before fixing a trial date so that the parties know which claims and factual disputes remain and whether any targeted additional discovery is necessary. Second, even apart from that threshold problem, Alexi's proposed timetable is unreasonably compressed, departs materially from the sequence contemplated by the Local Rules, and would prejudice Fastcase's ability to prepare the surviving issues for trial.

### A. Dispositive Motions Should Be Resolved Before the Court Sets a Trial Date.

Alexi's request is premature for a straightforward reason: the Court has not yet determined what, if anything, must be tried. The parties' cross-motions for summary judgment and Fastcase's motion to dismiss Alexi's amended counterclaims remain pending. Until those motions are resolved, neither the Court nor the parties know which claims will remain, against whom, or which factual issues—if any—will require resolution by a jury. *See, e.g.*, *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1215 (D.C. Cir. 1997) (recognizing that partial summary judgment may leave only some claims for trial). The Local Rules accordingly contemplate that dispositive motions will be resolved before the pretrial conference. *See* D.D.C. LCvR 7(*l*).

That sequencing is particularly appropriate here. At the Court's direction, the parties have already submitted joint filings specifically identifying the "legal issues capable of being resolved on cross-motions for summary judgment" and the "material facts that are disputed and would need to be addressed by a fact finder." ECF Nos. 119-120. The Court should first decide those threshold questions. Its rulings may eliminate the need for trial altogether, substantially narrow the matters to be tried, or identify particular factual disputes that require further development. Only then can the parties and the Court sensibly determine what trial preparation is necessary and set an appropriate schedule. Alexi itself acknowledges that its proposed liability trial would not necessarily resolve the case: absent settlement, the parties would still require additional discovery concerning damages, Fastcase's IP claims, Alexi's antitrust claim, and acquisition-related tortious-interference claims. Mot. at 6 n.2. That concession further counsels against fixing a trial date before the Court determines what survives the pending motions and the parties can assess the remaining case as a whole.

Alexi's contention that Fastcase previously represented that fact discovery on the contract issues was "complete" is incorrect and does not alter that conclusion. Fastcase's position has consistently been that the existing record permits the ***Court*** to resolve the parties' contract interpretation and liability disputes as a matter of law because no material factual disputes preclude the relief Fastcase seeks. As Fastcase explained to Alexi before this Motion was filed:

> [O]ur view is and has been that the contract can be interpreted by the Court and there are no disputes of material fact that would preclude the Court from engaging in the contractual analysis and liability determination we've requested. That is what I said in chambers and what we said in the recent joint filing. The question prompted by your request, though, is what should happen if the Court determines there are factual disputes and contractual liability should be tried to a jury.

ECF No. 122-3 at 1. Those are different questions—and Alexi's requested trial would be broader still. The expedited process was designed to determine whether threshold contract-related issues could be resolved on a streamlined record as a matter of law. Consistent with that purpose, the parties' supplemental submissions identified discrete legal issues for potential resolution by the Court and separately identified factual disputes that might require a fact finder. *See* ECF Nos. 119–120. Alexi now seeks a jury trial on the full set of "Expedited Discovery Claims" if summary judgment does not dispose of them—not merely on whatever factual issues the Court identifies after resolving the discrete legal questions presented in the supplemental filings. That broader set includes fact-intensive claims, defenses, and theories involving modification through course of performance, waiver, estoppel, and bad faith. The parties had only approximately three months of limited fact discovery on all of those issues combined, and no expert discovery. A streamlined record sufficient to present threshold legal questions to the Court cannot simply be presumed sufficient to try that entire universe to a jury.

The limitations of the expedited process confirm the point. The parties were permitted only fifteen requests for production and five interrogatories; a limited number of shortened depositions; limited third-party discovery; and no expert discovery at all. *See generally* ECF No. 55-1. Nor was Fastcase permitted to inspect the back end of Alexi's chatbot or the systems underlying its operation. Instead, counsel received limited access to an abridged test version of Alexi's customer-facing chatbot and, only after discovery had closed and depositions were complete, was permitted to run five additional queries shortly before summary-judgment briefs were due upon learning that the version of Alexi that Fastcase was originally given access to was incomplete. *See generally* Krannich Decl., Exhibit B, Mar. 18, 2026 Email from R. Nelson to J.

Hudgens.[1] Yet Alexi's summary judgment arguments rely on technical assertions concerning how Fastcase data is stored, accessed, used, and disseminated within Alexi's system. *E.g.*, Alexi Counterstatement ¶¶ 241, 244 & Resp. (arguing the "synthesis agent" only "presents research results in the format the user requests" and that the tool actually accessing the Fastcase data is "relatively single purpose" and "can only produce memo-style answers").

If the Court concludes that those technical factual disputes must be tried, targeted additional fact and expert discovery may therefore be necessary before trial. Fastcase made precisely that point in the parties' pre-Motion correspondence: discovery testing Alexi's technical assertions was "far from complete," and "the only real pressure-testing allowed so far was through demos performed by lawyers who can't be witnesses." ECF No. 122-3 at 1. Expert testimony may likewise be appropriate if the surviving factual issues turn on technical matters beyond ordinary lay understanding. *See, e.g.*, *Davis v. Bud & Papa, Inc.*, 885 F. Supp. 2d 85, 89 (D.D.C. 2012).

The same problem arises if Alexi's amended implied covenant claim survives Fastcase's pending motion to dismiss. One of Alexi's theories is that Fastcase acted in bad faith by making statements to prospective acquirers regarding Section 12.3 of the Agreement. Alexi added that theory after written discovery, document production, and third-party discovery had substantially concluded. As a result, neither party obtained discovery from the prospective acquirers whose

[1] Alexi's assertion that Fastcase "never said a word about experts again until now," Mot. at 8, is not correct. Alexi sought expedited discovery on the premise that the contract issues could be resolved on a streamlined record without expert discovery. *See, e.g.*, ECF No. 57 at 7–8; ECF No. 63 at 7–9. Fastcase opposed expedition specifically because it should not come "at the expense of completeness [or] expert development." ECF No. 62 at 18–20. And the Court's order adopted Alexi's streamlined process through summary judgment briefing; it did not address what additional discovery might be appropriate if the Court instead determined that disputed factual issues must be tried. *See* Feb. 17, 2026 Minute Order.

communications and reactions would bear directly on that theory. If the claim survives as a matter of law and proceeds to a jury, that third-party discovery would become relevant to a fair adjudication of the claim.

Alexi cannot avoid that point by noting that Fastcase did not seek relief under Rule 56(d). Rule 56(d) applies when a nonmovant "cannot present facts essential to justify its opposition" to summary judgment. Fed. R. Civ. P. 56(d). Fastcase made no such contention because its position was—and remains—that Alexi's claim fails as a matter of law. *See* ECF No. 86 at 35–39; ECF No. 101 at 36–41. The question Alexi's Motion presents now is different: if the Court declines to resolve the claim as a matter of law and instead sends it to a jury, what discovery is necessary to prepare that surviving claim for trial? The expedited schedule did not answer that question.

The Court need not decide the precise scope of any additional discovery now. It need only reject Alexi's effort to set a November trial before the Court has determined what claims and factual issues survive and whether the deliberately limited record developed for the expedited summary judgment phase is sufficient for a fair trial of whatever remains. Once the pending motions are resolved, the parties can promptly confer regarding additional focused discovery and an appropriate trial schedule.

**B. Alexi's Proposed Schedule Is Unreasonably Compressed and Would Prejudice Fastcase.**

Alexi also contends that its proposed schedule would cause Fastcase no prejudice because Fastcase brought this action and should welcome a prompt resolution. *See* Mot. at 7. But a prompt resolution is not the same thing as an arbitrarily compressed one. As explained above, the Court has not yet determined what claims or factual issues, if any, will require trial, and that determination may in turn affect whether targeted additional fact or expert discovery is necessary. Requiring the parties to begin immediate trial preparation before those threshold questions are

resolved would create precisely the risk of wasted effort and inadequate preparation that orderly case management is intended to avoid. *See, e.g.*, *Ragusa v. Louisiana Ins. Guar. Ass'n*, No. CV 21-1971, 2022 WL 1112812, at *2 (E.D. La. Mar. 7, 2022) (denying expedited trial setting where doing so would deny defendants sufficient time for discovery and preparation).

The specific schedule Alexi proposes underscores the problem. Alexi would require the parties to exchange proposed jury instructions, verdict forms, and voir dire on October 14; file motions in limine on October 15; serve pretrial statements on October 16; complete briefing on motions in limine by October 23; attend a final pretrial conference on October 30; and begin jury selection three days later. ECF No. 122-1. That timetable leaves little meaningful opportunity to account for the Court's rulings on the pending dispositive motions, determine the scope of any surviving claims, complete any additional discovery the Court's rulings may make necessary, and prepare a complex contract-and-technology dispute for trial. Nor did Fastcase acquiesce in those dates. The parties never reached the point of negotiating individual pretrial deadlines because Fastcase objected to the threshold premise that a trial should be scheduled before the pending motions are resolved.

The Local Rules contemplate a materially different sequence. Local Civil Rule 16.3(c)(14) contemplates a pretrial conference with the understanding that "a trial will take place 30 to 60 days thereafter." Alexi proposes three days. The Court of course has broad discretion over its docket, but Alexi offers no case-management justification for compressing the ordinary pretrial process to this extent.

Alexi's principal justification is its asserted need for speed. But Alexi has already received an expedited process in this case. At Alexi's request, the Court ordered streamlined discovery on the contract-related claims and an accelerated summary-judgment process. The parties completed

that discovery, took depositions, and fully briefed the resulting dispositive motions. The Court is now in the process of determining what can be resolved as a matter of law and what factual disputes, if any, remain. There is no efficiency in imposing another accelerated phase before the Court has determined the outcome of the first.

Alexi also candidly explains that an "impending, concrete trial date" would "focus the parties' attention on settlement" and make mediation "all the more pressing." Mot. at 6. But using an artificially compressed trial schedule to increase settlement pressure is not a substitute for orderly case management. A trial date should be set based on what remains to be tried and what preparation is reasonably necessary—not as leverage in currently ongoing settlement discussions.

Nor do Alexi's asserted business harms justify its proposed November 2 trial date. Alexi relies on the same general concern it has raised throughout this litigation: that the unresolved contract dispute is harming its business. *See* Mot. at 7; ECF No. 57 at 10–11. Those concerns may explain Alexi's desire for prompt resolution, but they do not establish that Fastcase should be required to try an as-yet-undefined set of claims on a deliberately truncated discovery record or that the Court should compress its own consideration of the pending motions and pretrial issues into a matter of weeks. Even accepting Alexi's assertions for purposes of this Motion, they do not explain why trial must begin on November 2 rather than promptly after the Court determines what issues, if any, actually require trial.

Fastcase does not oppose a trial on whatever claims ultimately require one. It opposes setting that trial before the Court has determined what claims remain and what preparation they require. Once those questions are resolved, the parties can promptly confer regarding any necessary additional discovery and a reasonable trial schedule. Alexi's request to impose a November 2 trial date now should therefore be denied. The same is true of its alternative request

for a trial at the "earliest practicable date." Mot. at 6. Until the scope of any trial and the preparation it requires are known, there is no basis to determine what trial date is practicable.

## II. Court-Ordered Mediation Should Be Deferred.

Fastcase does not oppose mediation. To the contrary, since the July 8 hearing, Fastcase has participated in several hours of Rule 408 settlement discussions, repeatedly expressed its willingness to pursue a negotiated resolution, and discussed multiple forms of ADR with Alexi. *See, e.g.*, ECF No. 122-3 at 3; Krannich Decl. ¶ 5. As Fastcase explained before Alexi filed this Motion, it is "open to a variety of types of ADR and to a negotiated resolution," including private mediation or a settlement conference with a magistrate judge. ECF No. 122-3 at 3. The parties' disagreement is therefore not about whether to pursue settlement, but when formal mediation is most likely to be productive.

The Local Rules expressly recognize that distinction. In evaluating ADR, the parties are directed to consider "the point during the litigation when ADR would be most appropriate," including specifically "whether ADR should take place before or after the judicial resolution of key legal issues." D.D.C. LCvR 16.3(c)(5)(iii)(bb). That consideration weighs strongly in favor of deferring court-ordered mediation here. Three dispositive motions remain pending; the parties recently submitted, at the Court's direction, joint statements identifying the legal issues capable of resolution on summary judgment and the factual disputes potentially requiring a fact finder; and the Court has scheduled a status conference for September 15. Guidance from the Court at that conference—and, ultimately, rulings on the pending motions—may materially narrow the issues and alter both sides' assessment of the risks and value of the case.

That is why Fastcase told Alexi before this Motion was filed that it "would prefer to revisit this issue at the upcoming hearing, when we may have input from the Court on the pending motions and the timing of any decision." ECF No. 122-3 at 3. In the meantime, Fastcase offered to continue

direct Rule 408 discussions and to explore both private mediation and a magistrate-judge settlement conference. *Id.* That is not resistance to settlement; it is an effort to undertake formal ADR when it has a meaningful prospect of succeeding.

The parties' settlement discussions to date reinforce that conclusion. They have exchanged settlement positions on multiple occasions, including both before and after the July 8 hearing, but remain substantially apart. *See* Krannich Decl. ¶¶ 3–10. Indeed, before filing this Motion, Alexi's own counsel acknowledged that the parties' positions were sufficiently far apart that mediation might prove futile. *Id.* ¶¶ 8–10. Compelling the parties into private mediation now—before the September 15 status conference and without any intervening development bearing on the merits or scope of the case—would simply return them to the same negotiating positions with the same information they already possess. Alexi responds that mediation can simply be repeated later. Mot. at 5. But the possibility of a second mediation does not establish any need for a compelled first mediation now, particularly when the September 15 status conference is imminent and may materially sharpen the parties' assessment of the case.

Courts have declined to compel settlement proceedings in comparable circumstances where pending dispositive motions could materially affect the parties' positions. *See, e.g.*, *Fleming v. Medicare Freedom of Info. Grp.*, 310 F. Supp. 3d 50, 53 (D.D.C. 2018) (declining to order a settlement conference where further summary judgment proceedings remained); *Cotto v. Fed. Nat'l Mortg. Ass'n*, No. 1:20-CV-6487-MKV, 2021 WL 4340668, at *4 (S.D.N.Y. Sept. 22, 2021) (denying mediation referral while a motion to dismiss remained pending). The same practical consideration applies here: a modest amount of additional procedural clarity could materially improve the prospects for meaningful settlement discussions.

Fastcase therefore asks the Court to defer any order compelling mediation at least until the September 15 status conference, when the parties can receive the Court's guidance regarding the pending motions and next steps. Fastcase will continue its Rule 408 discussions with Alexi in the meantime and remains willing to pursue private mediation, a magistrate judge settlement conference, or other appropriate ADR once the case is better positioned for productive negotiations. Alexi's request to compel mediation by the end of September should be denied without prejudice to revisiting formal ADR at the September 15 status conference.

## CONCLUSION

For these reasons, Fastcase respectfully requests that the Court deny Alexi's Motion for Mediation and a Trial Date. Once the Court has addressed the pending dispositive motions and provided appropriate guidance concerning next steps, the parties can promptly address any necessary additional discovery, an appropriate trial schedule, and productive formal ADR.

DATED: September 8, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Jess M. Krannich*
Paul N. Harold (D.C. Bar No. 1032578)
Brendan J. Coffman (D.C. Bar No. 988370)
1700 K Street NW, Fifth Floor
Washington, DC 20006-3814
Telephone: (202) 973-8800
PHarold@wsgr.com
BCoffman@wsgr.com

Jess M. Krannich (*pro hac vice*)
Paul J. Sampson (D.C. Bar No. 1010457)
Rebecca J. Nelson (*pro hac vice*)
Andrew P. Follett (*pro hac vice*)
Isabella Ang (*pro hac vice*)
95 S State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510
JKrannich@wsgr.com
PSampson@wsgr.com
RNelson@wsgr.com
AFollett@wsgr.com
IAng@wsgr.com

*Counsel for Plaintiff Fastcase, Inc. and Counter-Defendants Fastcase, Inc., vLex, LLC, and Themis Solutions Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, the foregoing was electronically filed through this Court's CM/ECF system and additionally all counsel of record were served via electronic mail.

*/s/ Jessica M. Johnsen*