# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC.<br><br>Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.<br><br>Defendant. | C.A. No. 1:25-CV-04159-RJL<br><br>Hon. Richard J. Leon |
| ALEXI TECHNOLOGIES INC.<br><br>Counter-Plaintiff,<br><br>v.<br><br>FASTCASE, INC., VLEX, LLC and THEMIS SOLUTIONS INC.<br><br>Counter-Defendants. | |

**ATTORNEY DECLARATION OF JESS M. KRANNICH IN SUPPORT OF COUNTERCLAIM DEFENDANTS' OPPOSITION TO ALEXI'S MOTION FOR MEDIATION AND A TRIAL DATE**

I, Jess M. Krannich, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at Wilson Sonsini Goodrich & Rosati, P.C., and lead counsel for Counterclaim Defendants Fastcase, Inc., vLex, LLC, and Themis Solutions Inc. (collectively, "Fastcase") in this action.

2. I have personal knowledge of the matters set forth in this declaration and submit it in support of Fastcase's Opposition to Alexi Technology Inc.'s ("Alexi") Motion for Mediation and a Trial Date, ECF No. 122.

3. In early 2026, counsel for Fastcase and Alexi engaged in high-level settlement discussions under Federal Rule of Evidence 408. Alexi made a settlement proposal, Fastcase rejected it, and the parties continued litigating.

4. On July 8, 2026, I participated in discussions in chambers with the Court and lead counsel for Alexi. During those discussions, among other things, the Court encouraged the parties to explore settlement.

5. Since July 8, counsel for Fastcase and Alexi have participated in multiple Rule 408 settlement discussions totaling several hours. The parties have also discussed various forms of alternative dispute resolution, including private mediation and the possibility of a settlement conference with a magistrate judge, as well as the timing of any formal ADR process.

6. The parties have not reached agreement on a settlement or on the scheduling of formal mediation. In the parties' post-July 8 discussions, Alexi renewed the settlement proposal it had previously made in early 2026, and Fastcase again rejected that proposal.

7. During subsequent settlement discussions, Alexi's counsel identified a settlement range that Alexi would consider a "nonstarter," stating that if Fastcase's settlement position was in that range, mediation at this time would likely be futile. I advised Alexi's counsel that the range Alexi identified as a "nonstarter" was itself well outside the range Fastcase would consider.

8. Based on those discussions, it was apparent to me that the parties remained substantially apart in their settlement positions. Fastcase nevertheless advised Alexi that it remained willing to continue direct settlement discussions and to explore formal ADR. The parties have also discussed the possibility of principal-principal discussions and have begun negotiating over a form of confidentiality agreement to govern those discussions.

9. Fastcase proposed that the parties revisit the timing of formal, private mediation after receiving further guidance from the Court at the September 15 status conference. Fastcase did not state that it was unwilling to mediate; its position was that formal mediation would be more productive after the parties received further guidance regarding the pending dispositive motions

and the next phase of the case. I have also raised with counsel for Alexi the possibility of a settlement conference with a magistrate judge, but have not received feedback on that possibility.

10. The expedited discovery process relating to the contract-related claims was limited. The parties were permitted fifteen requests for production and five interrogatories; depositions were shortened; third-party discovery was limited; and no expert discovery was conducted.

11. During that expedited phase, Fastcase's counsel received only limited, customer-facing access to Alexi's chatbot. That access was capped at 50 queries, file-upload functionality was disabled, and Fastcase was not provided back-end access to Alexi's systems. After depositions had concluded, Fastcase was permitted to run five additional queries shortly before summary-judgment briefing.

12. Attached as Exhibit B is a true and correct copy of the March 18, 2026 email from Rebecca Nelson to Johanna Hudgens concerning Fastcase's limited access to Alexi's platform.

13. No party took discovery from the prospective acquirers referenced in Alexi's later-added theory that Fastcase acted in bad faith in connection with statements concerning Section 12.3 of the Agreement.

14. In discussing Alexi's proposed November 2 trial date, Fastcase objected to setting a trial before the Court resolved the pending dispositive motions and determined what claims and factual issues, if any, would remain for trial. Because the parties disagreed on that threshold issue, they did not negotiate the individual pretrial deadlines in Alexi's proposed schedule, and Fastcase did not agree to any of those deadlines.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2026 in Salt Lake City, Utah.

/s/ Jess M. Krannich

Jess M. Krannich (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8513
JKrannich@wsgr.com

*Counsel for Plaintiff Fastcase Inc. and Counter-Defendants Fastcase Inc., vLex, LLC, and Themis Solutions Inc.*