# EXHIBIT B

## Nelson, Rebecca

**From:** Nelson, Rebecca
**Sent:** Wednesday, March 18, 2026 10:47 AM
**To:** Hudgens, Johanna Rae; Hafenbrack, Josh; Rudofsky, Ben; AlexiCaseTeam
**Cc:** Krannich, Jess; Sampson, Paul
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

Counsel,

We agree to your revised proposal subject to the clarifications below.

**Search Terms:**

- We agree to the addition of three of our four proposed terms based on the hit report for your pricing term.
- Please provide a final, complete list of the search terms being run (or already run) for Alexi's document collection.

**Fastcase's RFPs:**

- **RFP No. 1:** We agree to one week of access to Alexi's platform, limited to 50 queries, with the document upload feature disabled. Fastcase must be permitted to record its queries and resulting outputs.
- **RFP Nos. 2-4:** We accept your proposals.
- **RFP No. 14:** We agree. If the responsive information exists only in consolidated or global reports (and is not broken out by U.S. revenues or customers), those documents should still be produced.

**Alexi's RFPs:**

- **RFP No. 15:** We will produce non-privileged documents and communications relating to ROSS Intelligence, Casetext, C.S. Disco, or vLex's use or potential use of Fastcase data in AI or generative AI services.

Please confirm agreement.

Thanks,

WILSON SONSINI

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000
Salt Lake City, UT 84111

www.wsgr.com

**From:** Hudgens, Johanna Rae <JHudgens@winston.com>
**Sent:** Tuesday, March 17, 2026 10:56 AM
**To:** Nelson, Rebecca <RNELSON@wsgr.com>; Hafenbrack, Josh <JHafenbrack@winston.com>; Rudofsky, Ben <BRudofsky@winston.com>; AlexiCaseTeam <AlexiCaseTeam@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - jhudgens@winston.com

---

Counsel,

Please see below Alexi's responses to Fastcase's proposals received on 3/14/2026. Please let us know by March 18 at 1:00 pm EDT whether Fastcase agrees. Alexi agrees to the terms set forth below insofar as a global settlement will be reached between the parties, to resolve all outstanding issues without the need for court intervention. If an agreement is not reached, Alexi continues to reserve all rights related to any of the issues addressed below.

* * * *

**Search Terms**

With respect to the additional search terms you have proposed, we will run three of the four terms as described below.

- As previously discussed, we will run the chatbot term.
- With respect to the additional terms, we will run the terms (Internal w/10 (AI OR "artificial intelligence" OR GenAI OR (gen* w/3 ai)) – which hit on 490 new unique documents.
- We will also run the "Fast case" term, which hit 99 new unique documents.
- Your term "(Licens* AND ("case law" OR caselaw OR "primary law" OR case* OR opinion* OR order* OR budget* OR pric*))" returned 22,313 additional unique documents and is plainly overly burdensome and not proportional. Accordingly, we will not run this term.

**Fastcase's RFPs**

**RFP No. 1**

We are willing to compromise and provide one week of platform access with a cap of 50 queries. Consistent with our objections regarding unfettered access to Alexi's system and the financial burdens, amongst other objections, Clio's access will be limited to products that involve Fastcase data and with the document upload feature disabled, the use of which is a significant financial burden for our client and is not relevant to the claims and defenses in this case. This query limit is more than sufficient to show the iterative functionality of Alexi's platform that underlies your request and a meaningful evaluation of the product at issue in this case under Rule 34.

**RFP Nos. 2-3**

To clarify, Alexi will produce 30 memos, including actual client memos, as created in the ordinary course of business during the relevant time period, subject to appropriate redactions for confidentiality and

attorney-client privilege. This production will include at least 10 “instant” memos and 10 “pro” memos, as well as the date of the requested and associated prompt.

**RFP No. 4**
Alexi disagrees with your contention that Alexi’s budget and pricing constraints are “central” to understanding the license. As noted above, your proposed search term results in tens of thousands of unique hits and is disproportionate to the needs of the case, and we will not run that revised term. However, to the extent these documents exist in the regular course of business, Alexi is willing to produce documents responsive to this request that hit on the agreed search terms. To the extent that budget and pricing was at issue in licensing data and discussed in documents, it would be covered by other search terms.

**RFP No. 6**
We confirm that your understanding is correct with respect to this RFP, and Alexi will produce those documents to the extent they exist.

**RFP No. 7**
We accept your offer and, to the extent this information exists in the regular course of business, Alexi will produce documents responsive to this request as it concerns U.S. primary case law only.

**RFP No. 9**
We accept your offer.

**RFP No. 14**
We accept your offer with respect to this RFP. To the extent that these documents exist in the regular course of business, Alexi will produce documents sufficient to show, for 2019-2025, its annual U.S. revenue and internal reports reflecting the scale or growth of Alexi’s U.S. operations and the number of U.S. paying customers, broken down by customer category.

**<u>Alexi’s RFPs</u>**
**RFP No. 6**
We accept your offer.

**RFP No. 9**
We accept your offer.

**RFP No. 10**
We accept your offer.

**RFP No. 14**
We accept your offer.

**RFP No. 15**
We accept your offer, contingent on, with respect to your second bullet point, that you will produce as relevant any documents or communications regarding any use or potential use of Fastcase data for AI or GenAI services under agreement with Fastcase, not only those discussing whether it is “allowed” under a licensing agreement. Any discussion of GenAI is relevant and thus responsive to our client’s case.

Best,
Johanna

WINSTON & STRAWN LLP

Bio vCard

JOHANNA RAE HUDGENS
SHE/HER/HERS
PARTNER

T +1 (212) 294-6734
jhudgens@winston.com

---

**From:** Nelson, Rebecca <RNELSON@wsgr.com>
**Sent:** Saturday, March 14, 2026 12:00 AM
**To:** Hafenbrack, Josh <JHafenbrack@winston.com>; Rudofsky, Ben <BRudofsky@winston.com>; AlexiCaseTeam <AlexiCaseTeam@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

Counsel,

Following our meet-and-confer discussions, below is Fastcase's position regarding search terms and the outstanding RFP issues. We view these proposals as a package that should resolve the current discovery disputes without motion practice.

**Search Terms**

We ran a hit report on the two revised terms you sent yesterday.

- Your revised *"AI w/10 (pair)"* term hits 906 unique documents, and we will include it.
- Your revised competition term appears to have omitted the proximity limiter. Using a w/10 limiter still resulted in 14,133 hits. Reducing the limiter to w/5 results in 6,512 hits, which we believe is more reasonable.

Despite the volume, we are willing to include the following term:

*Compet* w/5 (AI OR caselaw OR "case law" OR database OR memo OR research OR Lexis OR Westlaw OR CourtListener* OR "Court Listener")*

In exchange, we ask that Alexi include the following terms:

- ("Alexi Chat" OR chatbot OR chat) w/10 (AI OR "artificial intelligence" OR GenAI OR generative OR automat* OR agent*);
- (Internal w/10 (AI OR "artificial intelligence" OR GenAI OR (gen* w/3 ai));
- Inclusion of our budget and pricing terms in the following search: (Licens* AND ("case law" OR caselaw OR "primary law" OR case* OR opinion* OR order* OR budget* OR pric*)); and
- "Fast case"

We have provided hit reports for every iteration of your terms. We ask that you provide the same transparency regarding the terms you intend to run. If we reach agreement, we will run the attached final search-term list. Please also provide your final list of search terms.

**Fastcase's RFPs**

***RFP No. 1 (Access to Alexi Platform)***

We disagree with your characterization of the case law. The functionality of Alexi's platform is central to the claims and defenses in this case.

That said, we are willing to compromise.

Instead of four days of unrestricted access, we will accept:

- One week of platform access; and
- A cap of 150 queries

Thirty queries would not permit meaningful evaluation of the system. Please confirm whether Alexi agrees.

***RFP Nos. 2-3 (Client Memos and Prompt Data)***

You have proposed producing only "sample memos," but we still do not understand:

- Whether sample memos exist for both "pro" and "instant" memos;
- How those samples are generated; and
- Whether they include the underlying prompts.

Absent clarification, production of actual client memos and underlying prompts remains necessary to evaluate how Alexi's technology and business model have evolved.

Any client information can be redacted, and the existing protective order addresses confidentiality concerns.

Please confirm whether Alexi will produce responsive memos and associated prompt information.

***RFP No. 4 (Budget / Pricing)***

Alexi's licensing budget and pricing constraints are central to understanding the limited license Alexi negotiated.

We are willing to compromise and limit production to: documents discussing Alexi's annual budget for caselaw licensing, and documents reflecting pricing limitations or licensing-tier increases—for the period January 2019 to present.

We will also agree that documents concerning Alexi's inability to pay invoices in 2024 need not be produced unless responsive to another request.

This compromise assumes inclusion of the budget/pricing search terms discussed above.

***RFP No. 6***

Based on our discussions, we understand Alexi will produce documents sufficient to show:

- How Alexi generates question-and-answer pairs related to U.S. caselaw;
- Whether Fastcase data was used to generate or validate those pairs;
- How those pairs were incorporated into Alexi's AI systems; and

- A representative sample of 20 Q&A pairs derived from U.S. caselaw or Fastcase data.

If that understanding is correct, we agree to Alexi's proposal.

***RFP No. 7***

We will agree to your proposed limitation provided Alexi confirms it will produce all categories of requested materials, limited only to U.S. caselaw. We also agree that secondary source data may be omitted.

***RFP No. 9***

Refusing to produce documents responsive to this request unless they are also responsive to another RFP is insufficient, particularly considering Alexi's own insistence that Fastcase produce any nonprivileged documents through present related to Fastcase's motivation for bringing suit.

That said, we are willing to compromise. We would accept if Alexi were to agree to produce non-privileged documents and communications through the present that:

- Relate to this litigation, or
- Discuss Fastcase, vLex, or Clio and issues relevant to the claims and defenses.

***RFP No. 14***

We are willing to limit this request to production of documents sufficient to identify, for 2019 to 2025:

- Alexi's annual U.S. revenue,
- The number of U.S. paying customers, broken down by customer category, and
- Internal reports reflecting the scale or growth of Alexi's U.S. operations.

If the only available information is contained in global reports, those documents should be produced.

**<u>Alexi's RFPs</u>**

***RFP No. 6***

Fastcase will search for and produce, if they exist:

- Documents relating to the 2023 Fastcase 50 selection criteria and process; and
- Documents relating to Mark Doble's 2023 Fastcase 50 application and selection.

***RFP No. 9***

Fastcase will search for documents relating to its assessment of the competitive landscape for traditional legal research and generative AI solutions, consistent with the agreed search terms.

***RFP No. 10***

Fastcase is willing to produce, on a go-get basis only, documents sufficient to show its provision of free Fastcase access through state bar associations.

***RFP No. 14***

Subject to agreement that neither side will log communications with outside counsel during expedited discovery, Fastcase will search for and produce non-privileged documents through February 18, 2026 relating to any potential acquisition of, investment in, or partnership with Alexi by any party.

***RFP No. 15***

In addition to production of licensing agreements with ROSS Intelligence, Casetext, C.S. Disco, and vLex, Fastcase is willing to produce, if they exist, documents and communications from January 2019 to present, related to such parties' licensing agreements in connection with any AI or GenAI legal services, including:

- Any requests by ROSS Intelligence, Casetext, or C.S. Disco to use the Fastcase data in connection with AI or GenAI legal services; and
- Any discussions about whether use or potential use of the Fastcase data for AI or GenAI services is allowed under the ROSS Intelligence, Casetext, or C.S. Disco licensing agreements.

* * * *

We believe the proposals above represent reasonable compromise that should allow both sides to move forward without motion practice. Please let us know by Monday, March 16, whether Alexi agrees. If an agreement is not reached, Fastcase continues to reserve all rights related to any of the issues addressed above.

Thanks,

WILSON SONSINI

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000
Salt Lake City, UT 84111

www.wsgr.com

**From:** Rudofsky, Ben <BRudofsky@winston.com>
**Sent:** Friday, March 13, 2026 1:24 PM
**To:** Nelson, Rebecca <RNELSON@wsgr.com>; Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Cc:** Hafenbrack, Josh <JHafenbrack@winston.com>; AlexiCaseTeam <AlexiCaseTeam@winston.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - brudofsky@winston.com

Rebecca,

In response to your email below, please see the attached letter.

Best regards,

Ben Rudofsky

WINSTON & STRAWN LLP

BENJAMIN RUDOFSKY
OF COUNSEL

**T** +1 (202) 282-5142
brudofsky@winston.com

*Admitted to practice in District of Columbia, New York*

---

**From:** Nelson, Rebecca <RNELSON@wsgr.com>
**Sent:** Thursday, March 12, 2026 12:08 AM
**To:** Iannuzzi, Melissa <Miannuzzi@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>; Hafenbrack, Josh <JHafenbrack@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

All,

We write to follow up on our meet and confer regarding Alexi's responses and objections to Fastcase's RFP No. 1, which seeks inspection of Alexi's AI platform under Rule 34(a).

You asked for case law addressing Rule 34 inspections in analogous circumstances. We attach two relevant cases. Courts recognize that such inspections of software or databases is appropriate where the technology itself is central to the dispute. *See, e.g.*, *Covad Comm'ns Co. v. Revonet, Inc.*, 258 F.R.D. 5 (D.D.C. 2009); *SSI Grp., Inc. v. Am. Hosp. Ass'n*, 2013 WL 12143976 (S.D. Ala. Aug. 2, 2013).

That principle applies squarely here. This case turns on Alexi's AI system—how it functions and how it enables users to interact with Fastcase data. Inspection of the platform is therefore plainly relevant and proportional.

Your proposal—where we provide prompts and Alexi runs them internally—does not provide meaningful discovery. Evaluating an AI system requires iterative interaction, where prompts are adjusted in real time based on the model's responses. Alexi's proposal would prevent that process, forcing Fastcase to infer the system's full functionality in advance and severely hampering its ability to understand, and explain to the Court, how Alexi's service actually operates.

That said, we remain willing to reach a reasonable compromise. As discussed on our March 6 meet and confer, we would agree to four days of access to Alexi's platform.

If we cannot resolve this issue, we intend to seek relief from the Court next week and will request access with no limitations or time restrictions.

Please let us know your position by Friday (March 13).

For the avoidance of doubt, this email addresses only RFP No. 1. All other RFP issues raised during our meet and confer remain outstanding, and we reserve all rights with respect to them.

Thanks,

WILSON SONSINI

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000
Salt Lake City, UT 84111

www.wsgr.com

---

**From:** Iannuzzi, Melissa <Miannuzzi@winston.com>
**Sent:** Wednesday, March 11, 2026 12:48 PM
**To:** Nelson, Rebecca <RNELSON@wsgr.com>; Hudgens, Johanna Rae <JHudgens@winston.com>; Hafenbrack, Josh <JHafenbrack@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - miannuzzi@winston.com

---

Rebecca,

We confirm we agreed to move tomorrow's production deadline to March 20 and to set March 27 as the deadline for privilege logs.

We will follow up on the other matters soon.

WINSTON & STRAWN LLP

MELISSA IANNUZZI
SHE/HER/HERS
ASSOCIATE ATTORNEY

**T** +1 (202) 282-5151
miannuzzi@winston.com

*Admitted to practice in Illinois*
*Not admitted to practice in District of Columbia. Application pending to the D.C. Bar.*
*Currently practicing law in the District of Columbia under the supervision of principals of the firm who are members in good standing of the D.C. Bar.*

---

**From:** Nelson, Rebecca <RNELSON@wsgr.com>
**Sent:** Tuesday, March 10, 2026 11:48 PM
**To:** Iannuzzi, Melissa <Miannuzzi@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>; Hafenbrack, Josh <JHafenbrack@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

All,

Please see the attached hit report based on the search terms you sent on Friday. We intend to incorporate the two minor revisions reflected in redline in the attached search term list.

The hit report does not yet include Clio Slack or vLex Google Chat data, nor a small number of additional emails for one remaining custodian, all of which are still processing into Relativity.

Subject to the two terms highlighted in red in both the hit report and the revised search term list, we are in agreement to run the search terms as redlined. Those two terms are currently returning extremely high hit counts. We are open to discussing additional limiters for those terms, but we do not intend to run them in their current form.

While we are committing to run the remaining terms in the redlined list, we are still evaluating the issues discussed during this morning's meet and confer. We will follow up regarding what we ultimately intend to produce on those issues, and we reserve all rights.

As discussed on the call, we are also attaching revisions to Alexi's proposed search terms. Most of these terms were proposed last week but did not appear in the hit report, so we have reinserted them. If they return an excessive volume, we can propose additional limiters. We have also flagged several terms from your original list for which we have not yet seen a hit report.

Finally, as noted during our call last Friday, please confirm your agreement to move tomorrow's production deadline to March 20 and to set March 27 as the deadline for privilege logs.

Thanks,

**WILSON SONSINI**

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

---

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000
Salt Lake City, UT 84111

www.wsgr.com

---

**From:** Iannuzzi, Melissa <Miannuzzi@winston.com>
**Sent:** Monday, March 9, 2026 11:39 AM
**To:** Nelson, Rebecca <RNELSON@wsgr.com>; Hudgens, Johanna Rae <JHudgens@winston.com>; Hafenbrack, Josh <JHafenbrack@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** Re: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - miannuzzi@winston.com

Tomorrow morning works for us! Thanks Rebecca.

WINSTON & STRAWN LLP

**MELISSA IANNUZZI**
SHE/HER/HERS
ASSOCIATE ATTORNEY

**T** +1 (202) 282-5151
miannuzzi@winston.com

*Admitted to practice in Illinois*
*Not admitted to practice in District of Columbia. Application pending to the D.C. Bar.*
*Currently practicing law in the District of Columbia under the supervision of principals of the firm who are members in good standing of the D.C. Bar.*

---

**From:** Nelson, Rebecca <RNELSON@wsgr.com>
**Sent:** Monday, March 9, 2026 1:04 PM
**To:** Hudgens, Johanna Rae <JHudgens@winston.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>; Hafenbrack, Josh <JHafenbrack@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

We're not available at 4MT/6ET, but we can do tomorrow morning from 9:30-10:30 MT/11:30-12:30 ET. Let us know if that works.

Thanks,

WILSON SONSINI

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000
Salt Lake City, UT 84111

www.wsgr.com

---

**From:** Hudgens, Johanna Rae <JHudgens@winston.com>
**Sent:** Monday, March 9, 2026 10:46 AM
**To:** Nelson, Rebecca <RNELSON@wsgr.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>; Hafenbrack, Josh <JHafenbrack@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - jhudgens@winston.com

---

Thanks, Rebecca. We had a conflict arise at 2pm ET. Are you all available at 6pm ET/4pm ET?

Best,
Johanna

WINSTON & STRAWN LLP

Bio vCard

JOHANNA RAE HUDGENS
SHE/HER/HERS
PARTNER

T +1 (212) 294-6734
jhudgens@winston.com

---

**From:** Nelson, Rebecca <RNELSON@wsgr.com>
**Sent:** Monday, March 9, 2026 12:29 PM
**To:** Iannuzzi, Melissa <Miannuzzi@winston.com>; Hafenbrack, Josh <JHafenbrack@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

Melissa,

We are available at 12 MT/ 2 ET today to continue our meet and confer. We are looking into the additional Slack questions and will follow up.

Thanks,

WILSON SONSINI

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000
Salt Lake City, UT 84111

www.wsgr.com

---

**From:** Iannuzzi, Melissa <Miannuzzi@winston.com>
**Sent:** Sunday, March 8, 2026 7:16 PM
**To:** Nelson, Rebecca <RNELSON@wsgr.com>; Hafenbrack, Josh <JHafenbrack@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - miannuzzi@winston.com

---

All,

Following up from our Friday call, does 2 PM ET work to resume our meet and confer tomorrow?

Another follow-up point from Friday's call, please confirm that you have access to all of the Slack data for Fastcase custodians for the relevant time period. We continue to be concerned about this issue because it is our understanding based on your prior communications that the legacy Slack workspace was converted to the free Slack tier at some point after the vLex merger (and Slack's public statements about its retention policy indicate that on the free Slack plan, data older than one year is deleted). Please let us know when the downgrade to the free tier occurred and whether the full relevant period (2019-present) is still preserved.

Thanks,

Melissa

WINSTON & STRAWN LLP

**MELISSA IANNUZZI**
SHE/HER/HERS
ASSOCIATE ATTORNEY

**T** +1 (202) 282-5151
miannuzzi@winston.com

*Admitted to practice in Illinois*
*Not admitted to practice in District of Columbia. Application pending to the D.C. Bar.*
*Currently practicing law in the District of Columbia under the supervision of principals of the firm who are members in good standing of the D.C. Bar.*

---

**From:** Nelson, Rebecca <RNELSON@wsgr.com>
**Sent:** Friday, March 6, 2026 11:55 AM
**To:** Iannuzzi, Melissa <Miannuzzi@winston.com>; Hafenbrack, Josh <JHafenbrack@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

That works for us.

Thanks,

**WILSON SONSINI**

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000

Salt Lake City, UT 84111

www.wsgr.com

**From:** Iannuzzi, Melissa <Miannuzzi@winston.com>
**Sent:** Friday, March 6, 2026 9:51 AM
**To:** Nelson, Rebecca <RNELSON@wsgr.com>; Hafenbrack, Josh <JHafenbrack@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - miannuzzi@winston.com

Rebecca,

Apologies, due to a conflict at 5, we are not available until 6:30 EST. If that works, we can send an invite.

WINSTON & STRAWN LLP

MELISSA IANNUZZI
SHE/HER/HERS
ASSOCIATE ATTORNEY

**T** +1 (202) 282-5151
miannuzzi@winston.com

*Admitted to practice in Illinois*
*Not admitted to practice in District of Columbia. Application pending to the D.C. Bar.*
*Currently practicing law in the District of Columbia under the supervision of principals of the firm who are members in good standing of the D.C. Bar.*

**From:** Nelson, Rebecca <RNELSON@wsgr.com>
**Sent:** Friday, March 6, 2026 11:37 AM
**To:** Hafenbrack, Josh <JHafenbrack@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

We're available at 3 MT. Does that work?

WILSON SONSINI

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000

Salt Lake City, UT 84111

www.wsgr.com

**From:** Hafenbrack, Josh <JHafenbrack@winston.com>
**Sent:** Friday, March 6, 2026 12:55 AM
**To:** Nelson, Rebecca <RNELSON@wsgr.com>; Hudgens, Johanna Rae <JHudgens@winston.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** Re: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - jhafenbrack@winston.com

Thanks, Rebecca. Could you do 2 PM mountain time or after for the meet and confer?

WINSTON & STRAWN LLP

JOSHUA HAFENBRACK
PARTNER

T +1 (202) 282-5017
jhafenbrack@winston.com

*Admitted to practice in District of Columbia, Maryland*

**From:** Nelson, Rebecca <RNELSON@wsgr.com>
**Sent:** Thursday, March 5, 2026 11:59:03 PM
**To:** Hafenbrack, Josh <JHafenbrack@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

All,

Attached is the hit report for the search terms you proposed on Monday.

This report was run across approximately 2.3 million documents and emails. We are continuing to download significant additional data from the Fastcase 365 environment, as well as additional data from the vLex and Clio systems, so this is not a final hit report and the total number of hits will only increase. Based on this initial report, however, we have proposed revised search terms, which are also attached, along with a revised hit report reflecting those terms.

For the terms we have omitted entirely, we do not believe they are responsive to the RFPs you served or relevant to Phase 1 discovery, and the volume of hits does not justify their inclusion. Several terms remaining on the revised list are ones we previously objected to in our Responses and Objections as irrelevant to the case and/or Phase 1 discovery. Because the hit counts for some of these terms are relatively low, we have nevertheless included them on the proposed list. We continue to reserve all rights with respect to terms relating to portions of the RFPs for which we declined to provide discovery in our written responses.

Separately, regarding the date ranges discussed in Melissa's email yesterday, we are willing to expand the timeframe to January 1, 2019 for the following custodians: Ed Walters, Nina Jack, Joe Patz Vineyard, and Rupert Boorugu. We assume the other proposed date ranges outlined in my email from Tuesday (3/3) are acceptable, but please confirm.

With respect to instant messaging platforms, we intend to apply the same date ranges. We are collecting messaging data without a date restriction initially, but will apply date filters and search terms before promoting the data to Relativity. This ensures that the full context of any responsive messages is preserved.

We also have additional information regarding the messaging platforms. Clio's IT team recently determined that Fastcase did not use Microsoft Teams with its legacy M365 environment, as previously believed. Instead, Fastcase used Slack exclusively until the vLex merger. At that point, the Fastcase Slack environment was phased out and eventually became inaccessible within the Fastcase M365 system. The legacy Fastcase Slack workspace is currently being converted to a paid license so that the data can be exported. While we cannot yet confirm the precise date the Fastcase Slack use ended, the collection will capture data through the present (or at least up until all users ceased using it).

Similarly, I cannot confirm the exact point after the vLex merger when custodians transitioned to exclusive use of Google Chat, but collection of Google Chat will also run through the present. My understanding is that the vLex environment—including Google Chat—remains active and has not yet been fully integrated into Clio's systems, so Google Chat may still be used when custodians access the vLex environment. At the same time, we are collecting Clio Slack data through the present, which should ensure custodian coverage across both platforms.

Finally, we are available tomorrow at 11:30am MT to meet and confer regarding the RFP responses, objections, and search terms (including Alexi's R&Os). Please let us know if that time works for you.

Thanks,

**WILSON SONSINI**

Rebecca Jayne (Rasmussen) Nelson

**direct: +1.801.906.7576**
**mobile: +1.801.413.4446**
**rnelson@wsgr.com**

---

**Wilson Sonsini Goodrich & Rosati**
95 South State Street, Suite 1000
Salt Lake City, UT 84111

www.wsgr.com

---

**From:** Hafenbrack, Josh <JHafenbrack@winston.com>
**Sent:** Thursday, March 5, 2026 9:46 AM
**To:** Sampson, Paul <psampson@wsgr.com>; Krannich, Jess <jkrannich@wsgr.com>; Nelson, Rebecca <RNELSON@wsgr.com>
**Cc:** Hudgens, Johanna Rae <JHudgens@winston.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - jhafenbrack@winston.com

Thanks Paul. If our search terms are returning too many hits, Clio should propose modifications and limiters, as we did with the Alexi search terms.

Are you available for a meet and confer tomorrow morning?

--Josh.

WINSTON & STRAWN LLP

**JOSHUA HAFENBRACK**
PARTNER

**T** +1 (202) 282-5017
jhafenbrack@winston.com

*Admitted to practice in District of Columbia, Maryland*

---

**From:** Sampson, Paul <psampson@wsgr.com>
**Sent:** Wednesday, March 4, 2026 10:08 PM
**To:** Hafenbrack, Josh <JHafenbrack@winston.com>; Krannich, Jess <jkrannich@wsgr.com>; Nelson, Rebecca <RNELSON@wsgr.com>
**Cc:** Hudgens, Johanna Rae <JHudgens@winston.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>
**Subject:** RE: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

Josh,

As reflected in our responses served tonight and during our last call, based on the information currently available to us, the only terms we have committed to run at this point are the Alexi and “Backfile” terms. With respect to next steps, as also stated in our responses, we will continue to meet and confer regarding what additional terms make sense under the circumstances. Consistent with our prior discussions and Rebecca’s email yesterday, we will provide a hit report tomorrow on the full set of search terms your side proposed on Monday.

We now have a significant number of documents loaded for review, with additional materials continuing to be loaded this evening, and expect to be in a position tomorrow to provide that hit report and begin discussing appropriate search terms.

By way of preview, even though all of our documents have not yet been fully loaded, we are already seeing significant numbers of unique hits—upwards of 200,000, with more likely once the remaining data is processed. That volume raises serious feasibility concerns for several of your proposed terms given the significantly compressed schedule Alexi has demanded, and suggests that Alexi’s proposed search terms will need to be substantially narrowed.

Best,
Paul

---

**From:** Hafenbrack, Josh <JHafenbrack@winston.com>
**Sent:** Wednesday, March 4, 2026 7:13 PM
**To:** Sampson, Paul <psampson@wsgr.com>; Krannich, Jess <jkrannich@wsgr.com>; Nelson, Rebecca <RNELSON@wsgr.com>
**Cc:** Hudgens, Johanna Rae <JHudgens@winston.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>
**Subject:** FW: Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

EXT - jhafenbrack@winston.com

Paul – we need to know tomorrow whether you will run our search terms (or something akin to our search terms) or if you're standing on only running the Alexi/Doble and backfile terms. We will move the Court immediately on that issue. If that is your approach, then we will only run the equivalent terms on the Alexi side. Discovery in this case—which your client initiated and brought—is a two-way street. We are available to meet and confer tomorrow.

--Josh.

WINSTON & STRAWN LLP

JOSHUA HAFENBRACK
PARTNER

T +1 (202) 282-5017
jhafenbrack@winston.com

*Admitted to practice in District of Columbia, Maryland*

**From:** Johnsen, Jessica <Jessica.Johnsen@wsgr.com>
**Sent:** Wednesday, March 4, 2026 8:56 PM
**To:** Hafenbrack, Josh <JHafenbrack@winston.com>; Iannuzzi, Melissa <Miannuzzi@winston.com>; Rudofsky, Ben <BRudofsky@winston.com>; Dodd, Allie <ADodd@winston.com>; Hudgens, Johanna Rae <JHudgens@winston.com>
**Cc:** Krannich, Jess <jkrannich@wsgr.com>; Sampson, Paul <psampson@wsgr.com>; Nelson, Rebecca <RNELSON@wsgr.com>; Ang, Isabella <iang@wsgr.com>; Follett, Andrew <afollett@wsgr.com>; Choate, Ann <AChoate@winston.com>
**Subject:** Case No. 1:25-cv-04159-RJL (Fastcase v Alexi) - Responses to Discovery Requests

Counsel,

Attached are Plaintiff Fastcase, Inc.'s Responses and Objections to Defendant Alexi Technologies Inc.'s First Set of Requests for Production.

WILSON SONSINI

Jessica M. Johnsen

**Executive Assistant (she/her)**
direct: 801.906.7577
office: 801.401.8510
**jessica.johnsen@wsgr.com**
**Hours: 9:00 am – 5:00 pm MT**

**Wilson Sonsini Goodrich & Rosati**
95 South State Street
Suite 1000
Salt Lake City, UT 84111

www.wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by

others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.