**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FASTCASE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALEXI TECHNOLOGIES INC.,<br><br>Defendant. | C.A. No. 1:25-CV-04159-RJL |
| ALEXI TECHNOLOGIES INC.<br><br>Counterclaim Plaintiff,<br>v.<br><br>FASTCASE, INC., VLEX, LLC, &<br>THEMIS SOLUTIONS INC.,<br><br>Counterclaim Defendants. | |

**ALEXI TECHNOLOGIES INC.'S REPLY IN SUPPORT OF ITS MOTION FOR MEDIATION AND A TRIAL DATE**

Clio's opposition does not dispute that Alexi's business is in extreme duress. Nor does it dispute that a phased liability trial over the contract-related claims is the most efficient procedure for adjudicating this case. Clio's opposition, instead, just asks for indefinite delay. But the Expedited Discovery Claims have been subject to full discovery, are pending on cross-motions for

summary judgment, and are ready for the jury if summary judgment is denied. There is no reason to delay calendaring a trial on those claims now.

Fastcase (now owned by Clio) brought this lawsuit in November 2025 and, ever since, has sought at every opportunity to delay resolution of its specious allegation that Alexi breached its Data Licensing Agreement with Fastcase. The claims that were subject to expedited discovery by order of this Court (the "Expedited Discovery Claims") were fully litigated through extensive document productions, many hours of depositions, and hundreds of pages of summary judgment briefing. If the Court does not resolve those claims on summary judgment, they are ready for the jury. And, contrary to Clio's claims, a one-day mediation before that trial will be mutually beneficial ***precisely because*** the parties have been unable to make substantial progress on their own in settlement talks. A mediation will focus the parties' attention and give the principal decisionmakers on both sides (Alexi and Clio) the benefit of hearing from an objective and respected neutral party. Clio's proposed wait-and-see approach, by contrast, would run out the clock on the Agreement and threaten to drive Alexi out of business before it gets its day in court.

The Court should grant summary judgment in favor of Alexi on the claims subject to expedited discovery, for the reasons set forth in Alexi's summary judgment briefs. However, the Court should grant the present motion to set a five-day jury trial, beginning November 2, 2026 (or at the earliest practicable date), to resolve remaining threshold issues if the Court determines that factual disputes preclude summary judgment on all of Alexi's claims. And, while summary judgment and trial is pending, the Court should order a one-day mediation.

## ARGUMENT

### A. The Court Should Set a November 2026 Trial Date

The Court should exercise its "broad discretion" and set a five-day trial with jury selection beginning on November 2, 2026. *Grimes v. District of Columbia*, 794 F.3d 83, 90 (D.C. Cir. 2015). A prompt trial date is warranted because: (1) if the Court does not grant summary judgment on the Expedited Discovery Claims, they are ripe for the jury; (2) setting a trial date will provide a natural catalyst for settlement and, failing settlement, resolve once and for all the key threshold questions in the case expeditiously, to the benefit of all parties and the Court; and (3) resolve the severe and ongoing business harm Alexi is facing every day that Clio's claims drag out.

Clio's arguments to delay trial stretch the bounds of logic and are the latest stalling tactic to prevent resolution on these claims.

***First***, Clio's argument (at 5-6) that the Court cannot or should not schedule a trial date until after it has decided summary judgment is flatly wrong. Courts routinely set trial dates without knowing how summary judgment will come out. Indeed, that is the local practice in this district. Local Civil Rule 16.3(c) requires parties to discuss dates for dispositive motions ***and*** "whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference"—presupposing that the court will set a trial date before summary judgment is even filed, much less decided. *See also, e.g., Mitchell v. Michael Weinig, Inc.*, No. 2:17-CV-905, 2020 WL 5798043, at *21 (S.D. Ohio Sept. 29, 2020) (rejecting argument that trial should not be scheduled while summary judgment motion was pending, holding: "This Court in its normal course schedules trials in cases that survive summary judgment and will do so in this case regardless of whether a party so

moves."). To argue that a court cannot or should not set a trial date until summary judgment is decided makes no sense.

It is also common for courts to rule on summary judgment close to trial. For example, in the *Google Search* monopolization case, Judge Mehta issued a major summary judgment ruling just 39 days before a 10-week trial. *United States v. Google LLC* 747 F. Supp.3d 1 (D.D.C. 2024). *see also Xereas v. Heiss* (No. 1:12-cv-00456-ZMF, Dkt. 187) (D.D.C. Oct. 5, 2018) (deciding summary judgment one month before trial).

If the Court grants summary judgment in full on the Expedited Discovery Claims, it can simply remove the trial date from the calendar. On the other hand, if the Court finds that the jury is required to determine liability on any of those claims, the parties can account for any legal rulings made by the Court on summary judgment through appropriate evidentiary motions and jury instructions. The recent antitrust trial against Live Nation/Ticketmaster, in the Southern District of New York, illustrates the point. In that case, the court fixed a firm trial date early on, long before the parties even moved for summary judgment. *United States v. Live Nation*, Case No. 1:24-cv-03973, Dkt.169 (S.D.N.Y. June 27, 2024). Then, 13 days before jury selection was set to begin, the court issued a summary judgment ruling that, among other things, cut half the antitrust markets the DOJ and State AGs had alleged and dismissed some claims entirely. At trial, the parties then accounted for the summary judgment rulings through evidentiary motions, jury instructions, and the verdict form. There was no need to delay trial or to reopen discovery. The same is true here.

Clio's argument that a November 2026 trial date is too soon is likewise unpersuasive. Clio initiated this lawsuit almost a year ago. It does not seriously dispute that this lawsuit and Clio's associated conduct have been an ongoing disaster for Alexi's business. Far more complicated cases go to trial on a much quicker timeline. As just one example, this Court presided over the

six-week trial challenging the AT&T-Time Warner merger just 119 days after the DOJ filed its complaint. Clio has enormous resources and a deep bench of big-firm lawyers. And, as described more fully below, *see infra*, the Expedited Discovery Claims have been fully litigated and are ready for the jury if the Court determines factual issues preclude summary judgment. Clio does not make any argument as to why the November date in itself should be denied.

Finally, Clio's puzzling argument (at 7) that a trial on liability of all the Expedited Discovery Claims—rather than just the contract breach issue—is somehow impermissible is belied by the procedural record in this case. This Court granted expedited discovery not only on the parties' dueling contract-breach claims, but also on the two Alexi counterclaims that are inextricably intertwined with the contract claims (namely, Alexi's claims (1) that Fastcase violated the implied covenant of good faith and fair dealing and (2) that Clio and vLex tortiously interfered with Alexi's existing contract rights by improperly inducing Fastcase to claim breach and bring this lawsuit). *See* February 17, 2026 Minute Order. The parties fully litigated all those claims, with Clio never having identified any missing relevant documents nor filing any motion to compel. And both sides moved for summary judgment, in full, on all of the Expedited Discovery Claims. If the Court denies summary judgment, liability over all those claims is teed up for trial.

***Second***, Clio's argument to indefinitely delay trial pending additional theoretical discovery—whether fact or expert—likewise should be rejected as yet another self-serving delay tactic. The Court specifically asked counsel for both parties in chambers on July 8, 2026, whether they needed additional discovery on the Expedited Discovery Claims. Clio's counsel said no. Alexi's counsel agreed. Clio's argument, months later, that it now needs additional discovery therefore contradicts what it told the Court—an about-face that Clio's opposition brief cannot

explain away.[1] *Hajjar-Nejad v. George Washington University*, 873 F.Supp.2d 1, 11 (D.D.C. 2012) (counsel is bound by representations to the court); *Trout v. Garrett*, 780 F. Supp. 1396, 1425 (D.D.C. 1991) (similar).

Regardless, after Alexi provided 25,000-plus documents, lengthy depositions of its key decisionmakers, and unfettered platform access, Clio's vague claims that it needs yet more discovery ring hollow. The parties have fully litigated the extrinsic evidence relating to the contract between Alexi and Fastcase, the parties' course of dealing, and the circumstances that gave rise to this lawsuit.

Clio's position (at 6-7) that it had all the facts needed for the Court to decide the case on summary judgment—but somehow not enough facts for the jury to resolve liability at trial—defies logic. "Summary judgment usually is premature unless all parties have had a full opportunity to conduct discovery." *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 530 (D.C. Cir. 2019). Far from indicating that it lacked a full opportunity to conduct discovery on the Expedited Discovery Claims, Clio affirmatively presented that the discovery record was complete when it moved for summary judgment and opposed Alexi's motion. Clio never sought more discovery from the Court during the expedited discovery stage, and never moved under Rule 56(d) for additional discovery when it opposed Alexi's summary judgment motion.

Clio's argument now that it needs more discovery before a trial on these claims is not a serious claim, evidenced by the fact that Clio still does not identify any specific documents or deposition testimony from Alexi that it was unable to obtain during fact discovery. On the contrary,

[1] Rather than addressing its representation to the Court head-on, the opposition brief obliquely claims (at 6) that its position on additional discovery is more nuanced. Clio's counsel offered none of these caveats in chambers. The Court asked a simple question and counsel said no. Clio never raised any nuance to this Court or to Alexi before Alexi said it intended to file this motion.

the only specific discovery that Clio says it is missing (at 8-9) is third-party discovery from two potential acquirers of Alexi, which were each warned against acquiring Alexi by Fastcase CEO Ed Walters shortly after Fastcase filed its lawsuit. Clio could have requested that discovery, and Alexi would have readily stipulated to a motion seeking additional third-party discovery from this Court. But that is of no matter currently: the discovery from those potential acquirers is most relevant to a claim that is not even part of the Expedited Discovery Claims and thus would not be part of the November 2026 trial proposed by Alexi anyway. Alexi's claim for tortious interference with prospective business opportunities (Dkt. 83, Count Five), which involved those two potential acquirers, is not part of the Expedited Discovery Claims. Should the case proceed beyond summary judgment and trial, Clio would have the opportunity to seek discovery from those acquirers then.

By contrast, Alexi's claim that Fastcase violated the implied covenant of good faith and fair dealing (Dkt. 83, Count Two)—which ***was*** part of expedited discovery—turns on Fastcase's actions and motivations in bringing this lawsuit, not how the two potential acquirers reacted to Mr. Walters's overtures. In any event, to the extent the Court determines that additional discovery into the conversations initiated by Mr. Walters is warranted, that could be accomplished through short pre-trial depositions and is not a basis for more delay.[2]

As to the purported need for expert discovery, Clio does not refute that it only raised the prospect of expert testimony in opposing expedited discovery in the first place back in February (Dkt. 61) and now again in opposing the November 2026 trial date—while never raising any need

[2] Alexi has a pending motion to compel documents related to the breach letter that vLex/Fastcase drafted, in coordination with Clio, and ultimately sent to Alexi in October 2025—which Clio improperly withheld as privileged. Dkt. 109, 117. Alexi believes those documents are directly relevant to the Expedited Discovery Claims and should be produced in unredacted form.

for experts while the parties were actually conducting discovery. Indeed, after the July 8 status conference, the Court expressly asked the parties for a submission on outstanding factual disputes, Dkt. 120, and Clio again did not raise any factual disputes that would require expert testimony.

Clio's argument for expert discovery is, like their purported need for more factual discovery, bereft of specifics. The contract-related claims in this case turn on questions of contract interpretation and potential discrete factual questions, requiring no specialized expertise, such as weighing ordinary-course extrinsic evidence and determining whether Fastcase knew about Alexi's AI-powered service and sat on its rights (i.e., waiver or estoppel) and brought this lawsuit in bad faith or for arbitrary and capricious reasons. Dkt. 120. The jury does not need to hear from paid experts to answer those questions—and an expert cannot testify as to what the jury should infer from evidence about a party's motivations anyway. *See Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 973 (D.C. Cir. 2016) (holding that, where "the jury is just as competent to consider and weigh the evidence as is an expert witness and just as well qualified to draw the necessary conclusions therefrom, it is improper to use opinion evidence for the purpose"); *United States v. Shorter*, 618 F. Supp. 255, n.14 (D.D.C. 1985) (same). Similarly, to the extent the Court determines the jury must decide whether Alexi used the licensed Fastcase caselaw data for permissible "internal research purposes" under the contract (*see* Dkt. 98-11 (Section 1.7)), that too is a straightforward factual question about how Alexi used the Fastcase data—it does not require technical experts on the underlying code powering Alexi's AI algorithms (which are not only irrelevant but are also Alexi's most competitively sensitive crown jewels that Clio, a direct competitor in the legal AI space, is now apparently seeking to obtain despite not pursuing it in fact discovery).

With respect to the platform credentials that Alexi provided to Clio, Clio complains (at 7) that its attorneys generated the outputs and cannot testify at trial. But to the extent Clio did not get Alexi's AI-generated outputs in an admissible form, that is a problem of its own making. Regardless, expert testimony would not solve Clio's evidentiary failure on this front because experts cannot serve as a mouthpiece for otherwise inadmissible evidence. *Flanagan v. Islamic Republic of Iran*, 190 F. Supp. 3d 138, 178 (D.D.C. 2016) (expert "may not be a conduit for the introduction of factual assertions that are not based on personal knowledge.").

At bottom, Clio's tactics here amount to more gamesmanship and delay. Contrary to Clio's arguments (at 7-8), it is not entitled to wait and see how the Court rules on summary judgment and then ask for a mulligan on discovery depending on how that ruling shakes out. *Lopez v. Timeco Inc.*, Case No. 14-cv-1040 (RJL/GMH) Dkt. 41 (D.D.C. Nov. 29, 2017) (magistrate rejecting request to reopen discovery based on this Court's summary judgment ruling) (citing *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 294 F. 3d 148, 152 (D.C. Cir. 2002)) (rejecting argument that party could not foresee what discovery it needed "until it saw [plaintiff's] summary judgment motion").

The Court should set trial for November 2, 2026, or at the earliest practicable date.

**B. The Court Should Order the Parties to Engage in a One-Day Mediation**

Along with setting a November 2026 trial date, the Court should order that the parties engage in a one-day mediation before that trial. As this Court has already suggested, this business dispute may be best resolved, for all parties, through settlement rather than prolonged litigation. Clio says it is open to mediation yet opposes Alexi's motion for exactly that, based on unconvincing reasons.

***First***, the fact that the parties have repeatedly talked about the possibility of negotiating a settlement over the last few months yet have been unable to make substantial progress or get Clio's engagement on the substance of any settlement—not just the possibility of discussing it at some point in the future—makes a one-day mediation all the more appropriate. A mediator may be able to break through the logjam by providing an objective read on the strengths and weaknesses of the parties' positions and the risks of protracted litigation, delivered directly to the executives running Clio and Alexi.

***Second***, Clio's claim (at 13) that the parties should not mediate prior to the September 15 status hearing is moot. The Court has ordered argument on this motion at the September 15 hearing (*see* August 5, 2026 and September 9, 2026 Minute Orders) and so whatever information or guidance the Court provides at that hearing can be taken into account by the mediator.

***Third***, a pending summary judgment motion is a natural time for parties to engage in settlement discussions, not a reason to delay mediation. As Clio's counsel knows, just as parties set trial dates while motions are pending, settlement discussions while dispositive or substantial motions are pending are commonly held while the risk of a loss still exists for both sides. And, even if the parties cannot settle at the first mediation, having started the process will pay dividends when there is a decision on summary judgment and/or a verdict from the jury. The parties will be ideally positioned to revisit settlement at that point, with a mediator already familiar with the case and the parties.

## CONCLUSION

The Court should (1) order the parties to engage in a one-day mediation and (2) enter the pre-trial schedule reflected in Exhibit A to Alexi's motion, (Dkt. 122-1,) and order a one-week jury trial to begin on November 2, 2026, following jury selection.

Dated: September 11, 2026

By: *Joshua Hafenbrack*
Joshua Hafenbrack (D.C. Bar No. 1017128)
Cozen O'Connor
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 280-6492
Fax: (202) 861-1905
jhafenbrack@cozen.com

Johanna Rae Hudgens (*pro hac vice*)
George E. Mastoris (*pro hac vice* forthcoming)
WINSTON TAYLOR LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700
johanna.hudgens@winstontaylor.com
george.mastoris@winstontaylor.com
*Counsel for Defendant Counterclaim-Plaintiff Alexi Technologies Inc.*