**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FASTCASE, INC.,

Plaintiff,

v.

ALEXI TECHNOLOGIES INC.,

Defendant.

ALEXI TECHNOLOGIES INC.

Counterclaim Plaintiff,

v.

FASTCASE, INC., VLEX, LLC, & THEMIS SOLUTIONS INC.,

Counterclaim Defendants.

C.A. No. 1:25-CV-04159-RJL

**JOINT STATEMENT RE: SEPTEMBER 15, 2026 ORDER**

**THE PARTIES' PROPOSAL FOR NON-BINDING MEDIATION**

Pursuant to the Court's September 15, 2026 Order, Plaintiff Fastcase, Inc., Counterclaim Defendants Fastcase, Inc., vLex, LLC, and Themis Solutions Inc. (collectively, "Fastcase") and Defendant and Counterclaim Plaintiff Alexi Technologies Inc. ("Alexi") submit the following joint statement and proposal regarding non-binding mediation in the above-captioned case. First,

the parties jointly identify the below list of three potential mediators. Second, the parties set forth their differing positions as to the proposed date of the mediation. The parties certify that they met and conferred and were able to reach agreement on three potential mediators to submit to the Court, but were unable to reach agreement on the proposed date of the mediation.

The parties also jointly propose that they file a joint status report stating whether the case has resolved within three business days of the mediation. That approach will keep the Court informed without compromising the mediation's confidentiality.

**Proposed Mediators**: The parties jointly propose the following list of three potential mediators to conduct non-binding mediation in the above-captioned case, listed in alphabetical order.

- Hon. **Walter D. Kelley Jr.**, former district court judge of the Eastern District of Virginia;
- Hon. **Liam O'Grady**, former district court judge of the Eastern District of Virginia;
- Hon. **Kathleen O'Malley**, former district court judge of the Northern District of Ohio and appellate court judge of the U.S. Court of Appeals for the Federal Circuit.

**Mediation Schedule**:

**I. Statement of Fastcase:**

Fastcase proposes that the mediation take place on November 9 or 10, 2026. Since the September 15 hearing, counsel for the parties have conferred at length about scheduling for the mediation. Alexi initially proposed October 26 and, later, other dates in late October. Fastcase considered those dates in light of the availability of its counsel and the business representatives who will need to attend. Fastcase's counsel and representatives will all be traveling from out of state or out of the country. Due to preexisting commitments, one or more of them is not available on the late-October dates Alexi proposed. Fastcase therefore proposed dates in November when

all of its required attendees are available, including November 9 or 10. These dates are within the timetable the Court described at the September 15 hearing: "six weeks, eight weeks, at the most." Sept. 15, 2026 Hr'g Tr. ("Tr.") 14:24–15:3.

Alexi is available on Fastcase's proposed dates, but still insisted on filing a competing proposal. Although Alexi claims to be "stuck in survival mode," Dkt. 122 at 4, and facing "death by litigation," Tr. 12:4–11, its statements outside this Court tell a different story. Its website currently describes the company as "backed by leading North American investors" and "growing rapidly." Alexi, FAQs.[1] Alexi's CEO Mark Doble, who attended the September 15 hearing, Tr. 3:22–4:1, wrote publicly in July that Alexi has "the support needed to fight to the very end." Mark Doble, LinkedIn (July 10, 2026).[2] As discussed at the September 15 hearing, Alexi has secured funding for this litigation. Tr. 18:22–19:3. Any pretense that Alexi requires expedited and unreasonable scheduling to avoid irreparable harm has been repeatedly contradicted—by Alexi itself. In any event, Fastcase's proposed dates are two weeks later than the date Alexi originally proposed. And the mediation date must account not only for the availability of the participants, but time for the mediator to be retained, receive and review case filings, review mediation briefs that the parties must prepare, and potentially to conduct pre-mediation calls with each party. Alexi's opposition is, again, arbitrary and would make the process less productive.

**<u>II. Statement of Alexi:</u>**

Alexi respectfully requests the Court order that the parties complete the one-day mediation no later than October 30, 2026. Alexi's schedule leaves ample time. All three

---

[1] *Available at* https://www.alexi.com/faqs (last visited Sept. 28, 2026).

[2] *Available at* https://www.linkedin.com/posts/mark-doble_for-anyone-curious-how-the-summary-judgment-activity-7481380774487891968-x7NI (last visited Sept. 28, 2026).

proposed mediators have cleared conflicts and confirmed their availability. Alexi's schedule allots more time than the default three weeks, under the Court's Mediation Program, for conducting the first mediation session after a mediator is selected. *See* Local Rule 84.7(a). And the October 30 deadline is more than six weeks after the September 15 status hearing. Finally, a prompt mediation schedule will keep the case on track in the event the parties cannot settle at the first mediation. Fastcase has proposed conducting the mediation on November 9 or November 10, 2026, but there is no reason for further delay. Fastcase cannot credibly claim it has vague conflicts every day in the second half of October.[3] Fastcase brought this lawsuit and should be required to make a decisionmaker available for the Court-ordered mediation.

Fastcase's argument that Alexi does not need expedited treatment is both incorrect and beside the point. Alexi submitted a detailed factual description of its ongoing financial distress through a sworn declaration from CEO and Founder Mark Doble, which Alexi filed under seal along with its motion for mediation and a trial date. Dkt. 122-2, Ex. B. Those statements were and remain accurate, and Fastcase has done nothing to rebut them. Instead, Fastcase cites a website FAQ page that predates this litigation and was created at a time when Alexi *was* growing rapidly. Similarly, Alexi's litigation funding has allowed it to fight Fastcase's lawsuit, but that funding does nothing to address Alexi's severe and ongoing business harms. In any event, Fastcase's argument on this front is irrelevant because Alexi is not seeking expedited treatment with respect to the mediation; it has, instead, proposed a normal schedule that accords with the default timeline under this Court's Local Rules for mediation.

[3] The only specific conflicting event Fastcase has cited is the ClioCon conference on October 26-27, 2026, in Boston. Alexi's counsel is happy to work around that conflict.

**Conclusion:**

The parties respectfully request that the Court order them to mediate by a date certain with one of the above-listed mediators agreed to by the parties, and to submit to the Court a joint status report regarding the outcome of that mediation within three business days following the completion of the mediation.

**APPROVED AND AGREED TO:**

/s/ Jess M. Krannich
Jess M. Krannich (*pro hac vice*)
Paul N. Harold (D.C. Bar No. 1032578)
Brendan J. Coffman (D.C. Bar No. 988370)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, DC 20006-3814
Telephone: (202) 973-8800
PHarold@wsgr.com
BCoffman@wsgr.com

Paul J. Sampson (D.C. Bar No. 1010457)
Rebecca J. Nelson (*pro hac vice*)
Andrew P. Follett (*pro hac vice*)
Isabella Ang (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
95 S State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510
JKrannich@wsgr.com
PSampson@wsgr.com
RNelson@wsgr.com
AFollett@wsgr.com
IAng@wsgr.com

*Counsel for Plaintiff/Counterclaim-Defendant Fastcase, Inc. and Counterclaim-Defendants vLex, LLC, and Themis Solutions Inc.*

By: /s/ Joshua Hafenbrack
Joshua Hafenbrack (D.C. Bar No. 1017128)
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 280-6492
Fax: (202) 861-1905
jhafenbrack@cozen.com

*Counsel for Defendant/Counterclaim-Plaintiff Alexi Technologies Inc.*